### No. 2,319.

EDGAR M. MORGAN, RESPONDENT, *v.* ABEL STEARNS, APPELLANT.

CONTRACT FOR CONVEYANCE OF LAND.—BREACH OF.—Where, in pursuance of an agreement to convey land, the grantee presents a different deed to the grantor for execution than that called for in the contract, the grantor must make his objections to the deed, when presented or within a reasonable time, or when possession of the premises is demanded. He cannot be permitted to avail himself of it, for the first time as a defense when sued for a breach of the covenant.

IDEM.—GRANTOR TO EXECUTE AND TENDER DEED.—It is the duty of the grantor to prepare, execute, and deliver the deed; the grantee need do no more than tender the purchase money.

IDEM.—DAMAGES.—Mere nominal damages do not belong to a case where there is a willful breach of a covenant to convey land, especially where the land has considerably appreciated in value since the making of the contract.

APPEAL from the District Court of the Seventeenth District, Los Angeles County.

The facts are stated in the opinion:

*V. E. Howard* and *Sepulveda*, for Appellant.

*First*—The contract called for a quit-claim deed, but respondent tendered a grant, bargain and sale deed, for signature of appellant and wife. This was not a demand under the contract. A contract to sell land and give a deed does not authorize the vendee to demand one executed by the

wife, even if she has dower. *(Ketchum* v. *Evertson,* 13 J. R. 270. *Gazley* v. *Price,* 16 Id. 267 and 12 Id. 443; *Hill* v. *Grigsby,* 35 Cal. 661; 11 Wend. 50; 20 J. R. 24.)

The vendor is not put in default until the deed called for in the contract is demanded. *(Gray* v. *Dougherty,* 25 Cal. 374; 2 G. Ev. SS. 605.)

*Second*—Nominal damages only can be given if plaintiff is to recover, as fraud is neither alleged nor proved. *(Conger* v. *Weaver,* 20 N. Y., 140; *Baldwin* v. *Munn,* 2 Wed. 400; *Peters* v. *McKenio,* 4 Denio, 546; *Walker* v. *Morse,* 21 Eng. Com. L. 100; 1 Sugden's Vendors, p. 491 and note 7th Am. Ed. Id. 222 and note; *Key* v. *Key,* 3 Tenn. 448; *Seems* v. *Street,* 5 Iowa, 352; Dart's Lendors, 447; Sedgwick's Damages, 197.)

*Third*—The refusal to perform, on the part of the grantor, extended only to the particular conveyance demanded, and the demand for that form rendered it unnecessary and useless to tender any other. It was equivalent to a refusal to perform on the part of the vendee. *(Cary* v. *Smith,* 2 Comstock, 60.)

*Fourth*—After a demand unauthorized by the contract, it required a new tender and demand to put the grantor in default, and he was not bound to prepare and tender a deed. *(Carmen* v. *Pultz,* 21 N. Y. 547; *Hudson* v. *Swift,* 20 J. R. 25.; Id. 15.)

*Glassell, Chapman & Smith,* for Respondent.

*First*—If appellant's refusal to execute the tendered deed was on the ground of its form, it was incumbent on him to have so specified. *(Carmen* v. *Pultz,* 21 N. Y. 550–51; 7 Barb. 331; 29 Barb. 243; 8 Wend. 562.)

*Second*—There was no obligation on the respondent to tender any deed. When the money was tendered appellant, he should have tendered in turn a proper deed. (1 Sugden on Vendors, p. 308, n. 1; p. 310, n. 1; *Gray* v. *Gray,* 25 Cal. 266; *Hill* v. *Grigsby,* 35 Id. 656; 2 McLean, 495.)

*Third*—There was no necessity to either allege or prove fraud. The rule and measure of damages is distinctly

defined in *Brinkerhoff* v. *Phelps,* (43 Barb. 473,) and cases there cited.

WALLACE, J., delivered the opinion of the Court, RHODES, C. J., TEMPLE, J., and CROCKETT, J., concurring:

This is an action brought upon the following agreement:

"This agreement, made and entered into the 28th day of December, 1868, between Abel Stearns, of the City and County of Los Angeles, and State of California, the party of the first part, and Edgar M. Morgan, of the same City, County and State, the party of the second part, witnesses; That the said party of the first part, in consideration of the covenants and agreements on the part of the said party of the second part, hereinafter contained, agrees to sell unto the said party of the second part all that certain lot, piece or parcel of land situate, lying and being in the said city and county of Los Angeles and State of California, known by the name of the 'Ogier property and vineyard,' more particularly described by deeds on record, and bounded on the west by Main street; on the north by J. Huber, Captain Thom. Morgan and Chapman; on the east by Chapman *et al.*; on the south by property owned by Catarina Moreno and lane between the property of the heirs of Augustin Machado and the said property herein described, for the sum of $13,000 gold coin of the United States of America; and the said party of the second part, in consideration of the premises, agrees to pay in gold coin of the United States of America, to the said party of the first part, the said sum of $13,000, as follows, to wit: $500 on the execution of these presents by a check on Hellman, Temple & Co., bankers in said city of Los Angeles, and $12,500 gold coin, on or before Monday, the 11th day of January, 1869. In the event of a failure to comply with the terms hereof within the time specified by the party of the second part, the said party of the first part shall be released from all obligation in law or equity to convey said property, and said party of the second part shall forfeit all right thereto, and shall also forfeit his $500 which he has paid on the execution of these presents. And the said party of the first part, on receiving such payment of $13,000, at the time and in the manner above mentioned, agrees to execute and deliver to the said party of the second part, or to his assigns, a good and sufficient quit-claim deed, and give possession of the premises thirty days after the day of the payment of the said $12,500.

" In witness whereof, the parties to these- presents have hereunto set their hands and seals, the day and year first above written.

" ABEL STEARNS.

"EDGAR M. MORGAN."

The complaint alleges that Morgan paid the $500 in hand, according to the terms of the agreement; that he has been and is ready and willing to perform it upon his part; that on Monday, January 11, 1869, he tendered to Stearns the balance of the purchase money and requested the latter that he should execute to him a deed; but that Stearns refused to ,do so; that within thirty days after January 11th he demanded of Stearns the possession of the premises, and again offered to pay the $12,500, balance of purchase money, but that Stearns still refused, and retains the title and possession of the premises, besides the $500 which was the advance payment.   It is also alleged that since January 11, 1869, the value of the premises has greatly enhanced, and that they were then worth $23,000, and that the plaintiff has sustained damage to the amount of $15,000, etc.

The answer denies that there has been any refusal to execute a conveyance of the character mentioned in the agreement, and avers that the defendant has been always ready and willing to execute and deliver to the plaintiff a quit-claim conveyance, and which, he insists, is the character of the deed to be executed, according to the tenor and effect of the contract of sale.

It also denies that the premises are worth $23,000, or more than $13,000, or that plaintiff has sustained any damage by reason of the breach by the defendant.

The cause was tried before the Court, without the intervention of a jury, and the plaintiff recovered judgment for $8,000 and costs.

From the judgment and an order denying his motion for a new trial the defendant brings this appeal.

No request was made that findings should be filed, and the judgment rests entirely upon the findings implied by law.

It is first objected that the conveyance which the plain-

tiff tendered to Stearns for execution was not a quit-claim deed merely, but a deed of grant, bargain and sale, importing, of course, the statutory covenants, and was prepared for the signature of the wife of Stearns as well as for that of Stearns himself.

The draft of the deed presented to Stearns for execution was produced on the trial, and appears to have been prepared in the manner stated in the objection. There is no doubt that it is not such a deed as the contract of sale had provided for. But the objection will not avail the defendant, for several reasons. The first is, that he made no objection to it, at the time, on these or any other grounds. If he had made such an objection, the plaintiff might have prepared another in accordance with the exact terms of the contract in these particulars. A party who intends to object to the proposed conveyance, under such circumstances, will be held to do so at the time of its presentation, or he may take time to consider it, or to consult counsel, but he cannot be permitted to retain the proposed deed without objection, or reservation of the right to object, and afterwards, when sued for a breach, set up the objection for the first time in answer to the action. It may be said that the evidence as to what Stearns said and did in this respect was conflicting. Even if it be so, a finding against him upon that point must be implied in support of the judgment.

But another answer to the objection is that Morgan was not bound to do more than tender the purchase money; he was not bound to prepare a deed of conveyance; that was the business of Stearns.

The English rule, by which the purchaser is required to prepare the necessary conveyance, had its origin in circumstances peculiar to land titles in England, and is believed never to have obtained in any of the United States, except, perhaps, in the State of Arkansas.

It appears that on the 13th day of January, 1869, the witness, Forbes, did prepare for Stearns and at his request, a a quit-claim deed in accordance with the terms of the contract, and that Stearns affixed his signature to it, but never

tendered it to Morgan, though the latter, some twenty-eight days after the date of the Forbes deed, again made a demand on Stearns for the possession of the premises, to which demand he made no reply whatever. That would have been an appropriate time to offer the quit-claim deed which he had caused Forbes in the meantime to prepare, if he had intended to act in good faith in the premises.

It is unnecessary to examine to what, if any, extent the rule of damages for failure to convey land is affected by the good faith of the defendant appearing. In this case it clearly appears that the defendant has the title to the premises—that his quit-claim deed would be sufficient to convey it to the purchaser, and that he willfully refused to comply with the terms of the agreement to convey merely because the land has in the meantime considerably appreciated in value.

Mere nominal damages do not belong to such a case. There is nothing in the other points, and the judgment is affirmed.

SPRAGUE, J., expressed no opinion.