[No. 8,344.—Department One.]
June 29, 1882.

## R. S. OSBORNE ET AL *v.* M. M. CLARK.

STATUTE OF LIMITATIONS—ADVERSE POSSESSION—FINDINGS—PROBATIVE FACTS—PRESUMPTION OF LAW.—In an action of ejectment commenced Sept. 22, 1880, in which the defendant pleaded the Statute of Limita-

tions, as to a portion of the land in controversy, the Court found, upon that issue, in effect, that the defendant purchased from a tenant at sufferance of the plaintiffs, and entered into possession of a house standing upon the land in question, but that he did not claim or hold the land adversely to the plaintiffs until about the first day of March, 1878; and it was objected that the finding did not cover the issue as to the statute. *Held:* From these probative facts the ultimate fact results that the cause of action was not barred by the statute.    The finding therefore covered the issue.

APPEAL from a judgment for the plaintiff in the Superior Court of the County of Placer.    MYRES, J.

*Jo. Hamilton,* for Appellant.

The respondent has set up a specific and statutory defense, to wit; That of adverse possession, [C. C. P. §§ 323, 325,] and I submit that he is entitled to a finding of the Court upon the issue. (*Phipps* v. *Harlan,* 53 Cal. 87; *Baggs* v. *Smith,* id. 88; *Shaw* v. *Wandesforde,* id. 300; *Taylor* v. *Reynolds.* id. 686; *Paulson* v. *Nunan,* 54 id. 123.)

*John M. Fulweiler* and *J. E. Prewett,* for Respondent.

The fourth finding shows, that the grantor of defendant occupied, as tenant at sufferance, the demanded premises, and owned the buildings thereon, and the subsequent facts found as to the possession of defendant, are equivalent to a finding: that his possession of the demanded premises, up until the first of March, 1878, was in subordination to plaintiff's title. If the Court has not, in terms, found the ultimate fact—which we do not admit—it has found the probative facts, from which there can be but one conclusion as to the ultimate fact. The findings are therefore sufficient. (*People* v. *Hagar,* 52 Cal. 171; *Downing* v. *Graves,* 55 id. 544; *Johnson* v. *Perry,* 53 id. 351.)

McKEE, J.:

This is an appeal from the judgment in an action of ejectment.

The only error assigned is, that the finding does not respond to the issue of the Statute of Limitations raised by the pleadings.

The complaint was filed April 22, 1880.    In substance, the

Court found that at the commencement of the action, the plaintiff were the owners in fee, and entitled to possession of the demanded premises; that the defendant was then in possession of a building standing upon part of the premises, claiming title to the building and to the land which it covered; that he claimed title to the land under the Statute of Limitations, and to the building by purchase, in 1874, from a "tenant at sufferance" of the plaintiffs; that under this purchase the defendant entered, in 1874, into possession of the building, and occupied it until March, 1878, without making any claim to the land upon which it stood; but on March 1, 1878, he, for the first time, asserted title to the land covered by the building adversely to the plaintiff, and has since continuously held the same adversely to plaintiff and all the world; and, before the commencement of this suit, refused to deliver possession of the land to the plaintiffs on demand.

From these probative facts the ultimate fact that the cause of action was not barred by the Statute of Limitations, necessarily results. The finding, therefore, covered the issue, and, as a special verdict, it was sufficient to support the decision and judgment which were given in the case.

Judgment affirmed.

MCKINSTRY and ROSS, JJ., concurred.