[No. 13404. Department One. — June 17, 1891.]

ELIAS YATES, RESPONDENT, v. WILLIAM JAMES, APPELLANT.

VENDOR AND PURCHASER — BREACH OF CONTRACT BY VENDOR — MEASURE OF DAMAGES. — The measure of damages caused by the breach of a contract to convey lands on the part of the vendor is the price paid, and the expense of examining the title and preparing the necessary papers, with interest thereon; and in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed at the time of the breach, and the expenses properly incurred in preparing to enter upon the land.

ID. — INCREASED VALUE OF PROPERTY — BAD FAITH — SUPPORT OF JUDGMENT. — Where the failure of a vendor to convey land on which a homestead has been declared is caused by the refusal of his wife to unite in a deed, and bad faith on the part of the vendor is neither alleged, found, nor proved, the allowance, as damages, of the increased value of the property is error.

ID. — PLEADING — COMPLAINT — SUPPORT OF VERDICT — FAILURE TO OBJECT TO EVIDENCE — SUBMISSION OF QUESTION OUTSIDE ISSUES — ESTOPPEL. — The fact that the vendor failed to object to evidence offered by the vendee as to the increased value of the property, and concurred in submitting the question to the jury, does not estop him from claiming the benefit of the objection upon appeal, that there was no allegation in the complaint to support the finding of the jury.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Ernest Sevier,* and *Wilson & Wilson,* for Appellant.

As no bad faith is charged or attempted to be proved, and the evidence shows that defendant would have complied with his agreement if he could, the defendant is not liable in damages for failure to convey. (Waterman on Specific Performance, sec. 525; Civ. Code, sec. 3306; *Reilly* v. *Smith,* 25 N. J. Eq. 158; *Hawralty* v. *Warren,* 18 N. J. Eq. 124; 90 Am. Dec. 613.) Plaintiff does not allege fraud in his complaint, and without such allegation he cannot recover as for fraud or bad faith. (Waterman on Specific Performance, sec. 88, and note.) The

measure of damages herein, if any, is fixed by section 3306 of the Civil Code. (Waterman on Specific Performance, sec. 525, and notes.)

*J. H. G. Weaver,* for Respondent.

PATERSON, J. — On November 15, 1884, the parties to this action entered into a verbal agreement, by the terms of which the defendant agreed to convey the land in controversy to the plaintiff upon the payment to him by plaintiff of the sum of three hundred dollars, which was to be paid on or before the end of four years from the date of the contract.

The court found that at the time the contract was made the defendant was, and ever since has been, the owner in fee-simple of the property; that immediately after the contract was entered into, defendant delivered the possession of the property to the plaintiff in pursuance of the agreement, and that plaintiff has ever since held the same, and has placed thereon improvements amounting in value to the sum of $280; that defendant saw the improvements as they were made, and offered no objection thereto; that the land has increased in value over the price agreed to be paid to defendant $250 per acre; that before the expiration of the four years, to wit, on or about November 11, 1887, plaintiff offered in writing to pay defendant the full sum of $300, but defendant refused to accept the offer, and declared that he would not make a deed to the land; that plaintiff has performed all the conditions of the contract on his part to be performed; that forty dollars is the value of the use and occupation of the premises, which consist of three acres; that plaintiff has received from the sale of wood taken from the premises the sum of thirty-six dollars. The court further found that on September 2, 1884, defendant executed and filed a declaration of homestead, claiming as a homestead, together with other

lands, the lands in controversy, and that the same has not been abandoned.

It will be seen from the findings of the court that the plaintiff was allowed as damages $750, the enhanced value of the land, and the sum of $280, the value of his improvements, amounting in all to $1,030. From this amount the court deducted the sum of seventy-six dollars, that being the amount received from the sale of wood, and the value of the use and occupation of the premises, and rendered judgment in favor of the plaintiff for $954 and costs.

We think the court erred in allowing the plaintiff $750 on account of the increase in value of the property. Section 3306 of the Civil Code provides: "The detriment caused by the breach of an agreement to convey an estate in real property is deemed to be the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon; but adding thereto, *in case of bad faith*, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land."

In this case, bad faith on the part of the defendant was not alleged, found, or proved. It appears in evidence that the defendant would have conveyed the premises as he had agreed to, if his wife had been willing to unite in the deed, but she refused.

There has been much conflict of judicial opinion on the question as to what is the just measure of damages in such cases. Mr. Parsons, speaking on the subject, says: " If the action is brought on a contract to sell, and against the party who had promised to sell and had failed to do so, many authorities have held that the result may depend upon the cause of the failure. For if the intended vendor was honest, and was prevented from making the sale by causes which he did not foresee and

could not control, then the plaintiff recovers only nominal damages; or if he has paid the price, the same with interest, adding, perhaps, in both cases, his expenses in investigating the title, or for similar purposes." (3 Parsons on Contracts, *229.) The provisions of our code referred to above were doubtless intended to settle the matter in accordance with the rule stated. In England, this rule is sustained upon the ground that the purchaser should investigate the title before he is justified in taking any other step. (*Flureau* v. *Thornhill*, 2 W. Black. 1078; *Walker* v. *Moore*, 10 Barn. & C. 416.) In this country, although the expense of investigating the title is not allowed in some of the states, the rule is generally based upon the analogy between this class of cases and actions upon covenants for title in which the measure of damages where there has been an eviction is in many states the amount of the consideration money, with interest. (*Baldwin* v. *Munn*, 2 Wend. 399; 20 Am. Dec. 627; *Peters* v. *McKeon*, 4 Denio, 546.)

It has been held that where the seller knew he did not have a good title, but had reason to believe that he would be able to secure it before conveyance was required, there was no bad faith. (*Sikes* v. *Wild*, 4 Best & S. 421; 1 Best & S. 587.)

It is claimed by respondent that inasmuch as the appellant made no objection to the evidence offered by plaintiff as to the increased value of the property, and concurred in submitting to the jury the question, "How much has this land increased in value since November 15, 1884?" he is now bound by the answer of the jury, and the finding of the court based thereon. We think, however, that as there is no allegation in the complaint upon which such a finding can be supported, the defendant is not estopped by his conduct at the trial from claiming the benefit of the objection which he now makes.

The cause is remanded, with directions to the court

below to modify the judgment by striking out from the last clause thereof the words and figures following: "$954 damages, and his costs and disbursements incurred in this action, amounting to the sum of $65," and inserting in lieu thereof, "$204 damages, and that each party pay his own costs."

HARRISON, J., and GAROUTTE, J., concurred.