[L. A. No. 201.   Department One.—April 20, 1897.]

## MARY E. CLARK, ET AL., RESPONDENTS, *v.* HANNAH T. YOCUM ET AL., APPELLANTS.

PLEADING—DEMURRER TO COMPLAINT — MISJOINDER OF CAUSES—LIMITATION OF EVIDENCE—HARMLESS ERROR—The improper overruling of a demurrer to a complaint for misjoinder of causes of action, is rendered harmless where the court, at the trial, by express order, limits the evidence to one cause of action, and the case is tried upon that alone.

ID.—SUFFICIENCY OF CAUSE OF ACTION—BREACH OF CONTRACT—SALE OF LAND AND WATER RIGHTS FOR LUMP SUM—VALUE OF WATER RIGHTS. The complaint in an action for damages for failure to convey water rights, in breach of a contract for the purchase of a certain tract of land and water rights for a lump sum paid by the plaintiff, where the proportion of that sum paid for the water rights cannot be segregated or specifically alleged, sufficiently completes the cause of action for breach of the contract to convey the water rights, by alleging that at the time when the conveyance of the water rights was demanded and refused, the value of the water rights was a specified sum.

ID.—MEASURE OF DAMAGES—CONSTRUCTION OF CODE—"BAD FAITH"—REFUSAL TO PERFORM WITHOUT EXCUSE.—Under section 3306 of the Civil Code, which provides that the detriment caused by the breach of a contract to convey an estate in real property is deemed to be the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon; but adding thereto in case of bad faith the difference between the price agreed to be paid and the value of the estate to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land, the refusal without any just cause or excuse to perform a contract to convey water rights and privileges after the purchase price for a tract of land and the water rights has been paid, is "bad faith" within the meaning of that section, and "bad faith" being present, the measure of the damages would be at least the value of the water rights.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.   J. W. McKINLEY, Judge.

The facts are stated in the opinion of the court.

*W. E. Arthur*, and *A. R. Metcalfe*, for Appellants.

The complaint does not state a cause of action, as it does not allege what the plaintiffs paid for the water and water rights. (*Breckinridge* v. *Crocker*, 78 Cal. 535; Civ. Code, sec. 3306; *Sears* v. *Stinson*, 3 Wash. 316.)

*L. G. Kellogg,* and *W. S. Wright,* for Respondents.

As the contract did not show segregation of the price paid, so that the price paid for the land and for the water and water rights separately might be known, no allegation as to the price paid for the water and water rights could have been made, and the allegation that the refusal to convey resulted in damage to the plaintiff in the amount stated was sufficient under section 3306 of the Civil Code.

GAROUTTE, J.—This is an action to recover damages for the failure to convey certain water and water rights, and also to recover damages claimed on account of the defendants entering upon the premises of the plaintiffs, and shutting certain water off from plaintiffs' land. Plaintiffs bought a certain tract of land and also certain water rights and privileges from defendants, and paid therefor the lump sum of four thousand four hundred dollars. Defendants conveyed the land to plaintiffs, but refused to convey the water rights, and judgment for damages in the sum of two thousand dollars was awarded against them for such breach of the contract. From that judgment, and also from an order denying a new trial, this appeal is prosecuted.

Defendants set forth three grounds upon which they rely for a reversal of the judgment and a new trial: 1. That the court erred in overruling defendant's demurrer to the complaint; 2. That the complaint does not state facts sufficient to constitute a cause of action; 3. That the evidence was insufficient to justify any judgment for the plaintiffs.

If it be conceded that the court committed an error in overruling the demurrer to the complaint, which demurrer raised the question as to the misjoinder of causes

of action, still the error resulted in no injury; for at
the trial by an express order the court limited the evi-
dence to the single question of the breach of the con-
tract in not making a conveyance of the water rights,
and the cause was tried upon those lines alone.   For
this reason, if there was error, it became harmless by
the subsequent action of the court.

It is claimed that the complaint failed to state a cause
of action in not alleging the amount of money paid for
the water rights.   Section 3306 of the Civil Code pro-
vides: "The detriment caused by the breach of an agree-
ment to convey an estate in real property is deemed to
be the price paid and the expenses properly incurred
in examining the title and preparing the necessary
papers, with interest thereon; but adding thereto in
case of bad faith the difference between the price  agreed
to be paid and the value of the estate agreed to be con-
veyed at the time of the breach and the expenses prop-
erly incurred in preparing to enter upon the  land."
In view of the fact that the land and water rights were
purchased for  a lump sum, the proportion of that sum
paid for the water rights could not be segregated, and
therefore no allegation as to such amount could be
made; but there is an allegation found in the complaint
that at the time the conveyance was demanded the
value of the water rights was two thousand dollars.
And this allegation completes the statement of a cause
of action.

In many cases, where a vendor agrees to convey two
separate tracts of land for a lump sum, and, conveying
one tract, refuses to convey the other, it would be diffi-
cult to apply the measure of damages provided for the
vendee by the foregoing section; for, in such cases, it
would be impossible to segregate the purchase price be-
tween the two tracts.   But no such difficulty arises here,
for the section provides that if bad faith on the part of
vendor is shown, then the vendee is entitled to addi-
tional damages; that is, additional damages to the ex-
tent that the value of the property at the time of the

breach exceeds the purchase price. In other words, in a case of bad faith upon the part of the vendor, the measure of damages will be the value at the time of the breach, if such value exceeds the purchase price; and, if the value of the land at the time of the breach is less than the purchase price, then that price will be the measure of damages. In the present case defendants were the owners of certain water rights and privileges. They agreed to convey those rights and privileges to plaintiffs, who paid them the purchase price therefor. Without any just reason or excuse upon their part, they refused to perform their contract. This was bad faith in the eyes of the foregoing section of the Civil Code. Bad faith being present, the measure of damages would, at least, be the value of the property at the date of the breach of the contract. For these reasons we conclude that the complaint stated a cause of action.

It is claimed that the evidence does not sustain the judgment as to the amount of damages awarded. In this regard the evidence is sufficient.

Judgment and order affirmed.

HARRISON, J., and VAN FLEET, J., concurred.