[L. A. No. 4164. Department Two.—April 13, 1918.]

## W. N. HAMAKER et al., Respondents, v. E. P. BRYAN et al., Appellants.

VENDOR AND VENDEE—BREACH OF CONTRACT BY VENDOR—BAD FAITH—INSTRUCTIONS—QUESTION FOR JURY.—In an action for damages for breach by vendor of a contract to convey real estate in which damages for bad faith were claimed under section 3306 of the Civil Code, an instruction to the jury to the effect that any "unlawful" or "unjustifiable" refusal on the vendors' parts to comply with their agreement would be sufficient to constitute bad faith was erroneous and prejudicial, since every breach of a valid and subsisting contract for which damages may be recovered is "unjustifiable" and in a sense "unlawful," but "bad faith" on the part of the vendors is a question for the jury.

ID.—ABSENCE OF TITLE IN VENDOR—VENDOR HOLDING CONTRACT FOR TITLE.—Where vendors have made arrangements to secure title to land, it is not bad faith for them to enter into a contract of sale.

ID.—DELAY IN SECURING TITLE.—In such case a few days' delay on the part of the vendors in securing title is not evidence of bad faith.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

W. W. Butler, and Anderson & Anderson, for Appellants.

Harry A. Hollzer, C. B. Morton, and Jerome H. Kann, for Respondents.

WILBUR, J.—This is an action brought by the plaintiffs to recover damages for breach of contract to convey real estate, executed March 14, 1911. The code prescribes the ordinary measure of damages in such cases, and then makes this special provision, "but adding thereto, in case of bad faith, the difference between the price agreed to be paid and the value of the estate to be conveyed," etc. The price agreed to be paid in the instant case was thirty-three thousand five hundred dollars, of which $250 was paid and $4,750 agreed to be paid in cash, the balance by mortgage and trust deed on the property. The verdict was for $5,250. The principal question involved was whether or not there was bad faith in the refusal, if any, to convey. On this subject the court instructed the jury as follows:

"In order to charge the defendants with bad faith, it is not necessary that their conduct be shown to be fraudulent. It is sufficient to show that their conduct in failing to convey this property to the plaintiffs was by reason of any frivolous or unfounded refusal in law or in fact to comply with the terms of their agreement. Any unlawful or unjustifiable refusal on their part to comply with their agreement would be sufficient to constitute bad faith; and in determining whether or not the conduct of the defendants in this case was such as to show bad faith, you should take into consideration all of the facts and circumstances surrounding their failure to convey the property as disclosed by the evidence."

The jury were thus instructed that "any unlawful or unjustifiable refusal on their [the vendors] part to comply with their agreement would be sufficient to constitute bad faith." Every breach of a valid and subsisting contract for which damages may be recovered under section 3306 of the Civil Code is "unjustifiable," and in a sense "unlawful," for the law requires that a person fulfill his legal obligations. The instruction was therefore clearly erroneous and prejudicial. The bad faith of the vendors was a question of fact to be determined by the jury. Appellate courts have

been called upon to determine whether or not the evidence before the trial court was sufficient to justify a decision as to the fact of good faith or bad faith, but our attention has not been called to any case where a trial court, as a matter of law, has attempted to define "bad faith." In *Morgan* v. *Stearns*, 40 Cal. 434, 439, before the enactment of section 3306 of the Civil Code, the supreme court declined to disturb a judgment for damages based upon a difference between the market value and the contract price of land where the vendor "willfully refused to comply with the terms of the agreement to convey merely because the land has in the meantime considerably appreciated in value," but said: "It is unnecessary to examine to what, if any, extent the rule of damages for failure to convey land is affected by the good faith of the defendant appearing." In *Yates* v. *James*, 89 Cal. 474, [26 Pac. 1073], the failure of the vendor to convey was due to the refusal of the vendor's wife to join in a deed, the property being covered by a homestead declaration filed by the vendor *before* the contract of sale, and yet it was held that "bad faith" was not "proved," and the judgment was reversed for that reason, although the inability of the defendant to convey was due to a defect in his title (if a homestead may be classed as such) existing at the time he made the contract of sale. In *Clark* v. *Yocum*, 116 Cal. 515, [48 Pac. 498], the vendee paid the full purchase price (four thousand four hundred dollars) of certain land and appurtenant water right. The price of the water right was not segregated, but it was alleged to be of the value of two thousand dollars. A judgment for that amount was secured and affirmed. The vendors were the owners of said water right and accepted the full purchase price therefor, and then "without any just reason or excuse" refused to perform their contract. It was held that they were guilty of bad faith as a matter of law. In the instant case it was not bad faith for the vendors, having made some arrangement to secure title, to enter into a contract of sale. (*Yates* v. *James, supra.*) Nor would a few days' delay in securing such title be sufficient evidence of bad faith.

Judgment reversed.

Victor E. Shaw, J., *pro tem.*, and Melvin, J., concurred.

Hearing in Bank denied.