[Sac. No. 3627. In Bank.—September 11, 1925.]

## J. W. JOHNSON, Appellant, v. MARIE SCHIMPF, Respondent.

[1] VENDOR AND VENDEE—CONTRACT TO CONVEY—BREACH BY VENDOR—BAD FAITH—PLEADING—MEASURE OF DAMAGES.—In an action to recover damages alleged to have been sustained by plaintiff because of the breach by defendant of a contract to convey real property, where there are no allegations in the complaint showing payment or part payment of the purchase price of said land, nor of any expenditures incurred in examination of the title, plaintiff's recovery is limited by the concluding clause of section 3306 of the Civil Code, which provides that, in addition to the ordinary damages therein prescribed, the measure of damages shall be "in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land"; but, in order to make out a cause of action under such concluding clause, the plaintiff must allege bad faith in the defendant's refusal to convey the land in question.

[2] ID.—BAD FAITH — PLEADING — WILFUL DEFAULT. — Bad faith in a defaulting vendor in a contract to convey real property need not be specifically alleged in order to make out a cause of action under the last provision of section 3306 of the Civil Code, but, if the ultimate facts are pleaded from which the bad faith of the vendor is a necessary deduction, the complaint will suffice to state a cause of action; and the alleged wilful, unwarranted default of the vendor, without just cause, is a clear and indubitable indication of her bad faith.

[3] ID.—ACTION FOR DAMAGES—BAD FAITH—PLEADING.—In this action to recover damages alleged to have been sustained by plaintiff because of the breach by defendant of a contract to convey real property, although bad faith was not specifically alleged, the allegations showing that defendant had made certain material representations to plaintiff believing that plaintiff would act on same, that plaintiff thereafter in reliance on said representations did act and expend money, and that defendant without just cause repudiated her agreement and refused to make the promised conveyance, stated a cause of action within the concluding provision of section 3306 of the Civil Code.

---

1. See 25 Cal. Jur. 815.
2. See 25 Cal. Jur. 818.

[4] ID.—DESCRIPTION OF PROPERTY—CERTAINTY—PAROL EVIDENCE.—Less strictness in the description of property is demanded in a contract than in a deed of conveyance; and, in the construction of executory contracts of sale of real estate, the courts have been most liberal and have sought, as far as consistent with established rules, to give effect to the intention of the parties in applying descriptions of property; and parol evidence is ordinarily admissible to show what property the parties intended to convey, and it will be deemed that a contract adequately describes the property if it refers to something which is certain or provides a means of ascertaining and identifying the property which is the subject matter of the contract.

[5] ID.—SUFFICIENCY OF DESCRIPTION—PAROL EVIDENCE.—In this action to recover damages alleged to have been sustained by plaintiff because of the breach by defendant of a contract to convey real property, the property in controversy was sufficiently identified by occupancy, viz.: that portion occupied and upon which was located the slaughter-house, sheds, corrals, and appurtenances in the possession of a designated person, and this description could be made more certain, if need be, by the introduction of parol evidence to show what portion the parties intended to be embraced in the parcel to be conveyed.

[6] ID. — OWNERSHIP OF IMPROVEMENTS—RIGHT TO SELL — RELIANCE UPON REPRESENTATIONS—ESTOPPEL.—In such action where, according to the allegations of the complaint, said third person who was in possession of said buildings and appurtenances claimed the right to sell them, and defendant, being aware of plaintiff's desire to purchase them and also defendant's lot upon which they were situated, and intending that plaintiff should rely upon such information, represented to plaintiff that said third person did have such right of sale, and plaintiff relied upon these representations as being true and purchased the same from said third person, it was immaterial whether said third person was the owner of said buildings and appurtenances or whether he was simply given the right to sell them under some agreement with defendant as her agent or otherwise.

[7] ID.—RELIANCE UPON REPRESENTATIONS—ESTOPPEL.—Where one by his acts, representations or admissions intentionally induces another to believe certain facts to exist and the latter, without fault, acts in reliance thereon so that he is materially prejudiced if the former is permitted to deny the existence of such facts, the one making the representations is estopped from denying same.

---

4.   See 25 Cal. Jur. 486; 10 R. C. L. 1081; 27 R. C. L. 317.
7.   See 10 Cal. Jur. 625.

[8] ID.—OSTENSIBLE OWNERSHIP—POWER OF SALE—RELIANCE UPON BY INNOCENT THIRD PARTIES.—Where the owner of property permits another person to be clothed with ostensible ownership or as having full power of disposition and innocent third parties are thereby led or induced to act in reliance on such representations, the real owner is precluded from setting up his ownership thereafter to their detriment.

[9] ID.—ESTOPPEL—PLEADING.—If the allegations of a complaint are tantamount to an allegation of estoppel it is well pleaded.

---

(1) 39 Cyc., p. 2095, n. 4, p. 2108, n. 29.    (2) 39 Cyc., p. 2095, n. 4.    (3) 39 Cyc., p. 2095, n. 4.    (4) 39 Cyc., p. 1224, n. 43, 44.    (5) 22 C. J., p. 1263, n. 18.    (6) 21 C. J., p. 1140, n. 6.    (7) 21 C. J., p. 1126, n. 51.    (8) 21 C. J., p. 1173, n. 86.    (9) 21 C. J., p. 1248, n. 52.

APPEAL from a judgment of the Superior Court of Yuba County. Eugene P. McDaniel, Judge. Reversed.

The facts are stated in the opinion of the court.

Crofton & Wetmore and Charles A. Wetmore, Jr., for Appellant.

W. H. Carlin for Respondent.

LENNON, J.—This action was brought to recover damages, alleged to have been sustained by plaintiff, because of the breach by the defendant of a contract to convey real property. The court below sustained a general demurrer to plaintiff's second amended complaint without leave to amend. Judgment was accordingly entered in favor of defendant. Plaintiff appeals from this judgment.

The pleaded facts in the case, substantially stated, are these: The defendant was the owner of certain real property upon which were situated certain designated buildings, consisting of slaughter-houses, sheds, and corrals, which constituted the appurtenances of a slaughter-house business. One Venters was in possession of said buildings; he claimed to own the same and represented to the plaintiff herein that he had the right to sell and dispose of them. Plaintiff desired to purchase these buildings provided he could purchase

---

8.   See 10 Cal. Jur. 641; 10 R. C. L. 788.

9.   See 10 Cal. Jur. 655.

the land upon which they stood. Defendant, knowing these facts, represented to plaintiff that said Venters had the right to sell the buildings and deliver possession to plaintiff. Defendant then entered into an agreement with plaintiff to sell the said real property upon which the buildings were situated at a stated price, when the plaintiff should acquire the said buildings from Venters. Relying upon this agreement with defendant, plaintiff, with the knowledge and consent of defendant and believing defendant would convey the said land as agreed, purchased the said buildings and appurtenances from said Venters, paying four thousand dollars therefor, and took possession of said land and buildings with the knowledge and consent of defendant. Within four days subsequent thereto, when called upon by plaintiff to perform her agreement, defendant repudiated the same and refused to make the agreed conveyance of the land. Thereafter defendant set up her ownership of the buildings and demanded rent from plaintiff and threatened him with arrest if any attempt were made to remove the said buildings. Whereupon plaintiff relinquished possession to defendant.

[1] The provisions of section 3306 of the Civil Code, after prescribing the ordinary measure of damages in an action to recover for breach of contract to convey realty, specifically declare that in addition thereto, the measure of damages shall be "in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land." For the purposes of this appeal plaintiff may be considered as being in the analogous situation to one who had actually placed the improvements upon the land in reliance on the defendant's promise to make a conveyance. There are no allegations in the complaint showing payment or part payment of the purchase price of said land nor of any expenditures incurred in examination of the title. Plaintiff's recovery is, therefore, limited by the concluding clause of section 3306 of the Civil Code. In order, therefore, to make out a cause of action it was incumbent upon the plaintiff to allege bad faith in the defendant's refusal to convey the land in question. [2] The complaint in the instant case sets out facts showing that the defendant had made certain material representations to plaintiff believing that plaintiff

would act on same; that plaintiff thereafter in reliance on said representations did act and expend money; that defendant without just cause repudiated her agreement and refused to make the promised conveyance. The alleged wilful, unwarranted default of the defendant, without just cause, is a clear and indubitable indication of her bad faith. It is consonant with the general rules of pleading to set out facts which of themselves necessarily imply bad faith (*Osborne* v. *Clark,* 60 Cal. 622; *Anderson* v. *Bank of Lassen County,* 140 Cal. 695 [74 Pac. 287]).

This court, although never having had the occasion to pass upon the precise point presented here, has uniformly held that bad faith in a defaulting vendor in a contract to convey real property need not be specially alleged in order to make out a cause of action under the last provision of section 3306 of the Civil Code. If the ultimate facts are pleaded from which the bad faith of the vendor is a necessary deduction, the complaint will suffice to state a cause of action (*Morgan* v. *Stearns,* 40 Cal. 434; *Clark* v. *Yocum,* 116 Cal. 515 [48 Pac. 498]; *Shaw* v. *Union Escrow Co.,* 53 Cal. App. 66 [200 Pac. 25]). Bad faith was implied from the pleaded facts in *Morgan* v. *Stearns, supra,* although the complaint did not expressly and specifically allege bad faith in the defaulting vendor. In *Clark* v. *Yocum, supra,* there was no express allegation of defendants' bad faith and it was held that, inasmuch as the defendants had agreed to convey certain water rights and privileges to plaintiffs, who had paid the purchase price therefor, it was bad faith on the part of the defendants, within the meaning of section 3306 of the Civil Code to refuse without just cause or excuse to perform their contract. In *Shaw* v. *Union Escrow Co., supra,* an attack was made upon the sufficiency of the pleading to raise the issue of bad faith. The court said: "Appellant makes the further contention that the complaint in the action did not state facts sufficient to present the issue as to the bad faith of defendant. The complaint did allege the making of the contract, the breach thereof, the value of the property at the time of the breach, and that the defendant 'without any just cause or just excuse' refused to make conveyance of the property." The court also said: " . . . it is not necessary, in order to establish bad faith within the meaning of section 3306 of the Civil Code, that the vendor

be shown to have refused to go on with the transaction because of some gain which would accrue to him. It is sufficient if he refuses to convey, where through his own negligence he has put it out of his power to fulfill the obligations of his contract.''

[3] The complaint in the instant case having alleged facts which necessarily compel the deduction of bad faith on the part of the defendant, it must be held that a cause of action was stated within the provisions of section 3306 of the Civil Code.

Respondent by special demurrer challenges the sufficiency of the complaint on two additional grounds, namely: the inadequacy of the description of the land agreed to be conveyed, and the failure to allege by what right Venters sold and disposed of the said buildings and appurtenances situated upon the land. There is no merit in either of these objections. [4] It is now the general and well-established rule that less strictness in the description of property is demanded in a contract than in a deed of conveyance. In the construction of executory contracts of sale of real estate, courts have been most liberal and have sought, as far as consistent with established rules, to give effect to the intention of the parties in applying descriptions of property. The usual rigid construction given to deeds has not been adhered to in the character of contracts under consideration here. The description may be supplemented by extrinsic evidence showing its application to particular property to the exclusion of all other property. Parol evidence is ordinarily admissible to show what property the parties intended to convey and it will be deemed that a contract adequately describes the property if it refers to something which is certain or provides a means of ascertaining and identifying the property which is the subject matter of the contract (*Preble* v. *Abrahams,* 88 Cal. 245 [22 Am. St. Rep. 301, 26 Pac. 99]; *Marriner* v. *Dennison,* 78 Cal. 202 [20 Pac. 386]; *Sparks* v. *Hess,* 15 Cal. 186; *Lange* v. *Waters,* 156 Cal. 142 [19 Ann. Cas. 1207, 103 Pac. 889]; *Towle* v. *Carmelo L. & C. Co.,* 99 Cal. 397 [33 Pac. 1126]; *Carr* v. *Howell,* 154 Cal. 372 [97 Pac. 885]; *Estate of Garnier,* 147 Cal. 457 [82 Pac. 68]; *California Pac. Corp.* v. *Grove,* 51 Cal. App. 253 [196 Pac. 891]).

[5]  A scrutiny of the description of the land in the instant case shows that the property in controversy is sufficiently identified by occupancy, viz., that portion occupied and upon which is located the slaughter-house, sheds, corrals, and appurtenances. This description could be made more certain, if need be, by the introduction of parol evidence to show what portion the parties intended to be embraced in the parcel to be conveyed.

[6]  It was immaterial under the pleaded facts of the complaint whether Venters was the owner of the buildings or whether he was simply given the right to sell them under some agreement with defendant as her agent or otherwise. The salient, outstanding fact, according to the allegations of the complaint, is that Venters claimed the right to sell them and respondent, being aware of appellant's desire to purchase them and the lot upon which they were situated, and intending that appellant should rely upon such information, represented to him that Venters did have such right of sale. Appellant alleges he did rely upon these representations as being true. [7]  It is elementary that where one by his acts, representations, or admissions intentionally induces another to believe certain facts to exist and the latter, without fault, acts in reliance thereon so that he is materially prejudiced if the former is permitted to deny the existence of such facts, the one making the representations is estopped from denying same. [8]  Where the owner of property permits another person to be clothed with ostensible ownership or as having full power of disposition and innocent third parties are thereby led or induced to act in reliance on such representations, the real owner is precluded from setting up his ownership thereafter to their detriment.

Although there are no specific allegations of estoppel, the allegations of the complaint clearly indicate a cause of action based upon estoppel. [9]  It is a general rule of pleading that if the allegations of a complaint are tantamount to an allegation of estoppel it is well pleaded (*Smiley* v. *Read,* 163 Cal. 644 [126 Pac. 486]; *Carpy* v. *Dowdell,* 115 Cal. 677 [47 Pac. 695]; *Beardsley* v. *Clem,* 137 Cal. 328 [70 Pac. 175]; *Davis* v. *Davis,* 26 Cal. 23 [85 Am. Dec. 157]; *Palvutzien* v. *Terkanian,* 47 Cal. App. 47 [190 Pac. 503]; *Roger* v. *Struven,* 44 Cal. App. 528 [186 Pac. 817]; *Mills* v. *Jackson,* 19 Cal. App. 695 [127 Pac. 655]). The plaintiff has

alleged sufficient facts upon which estoppel may be predi‹ cated and consequently the complaint sufficiently states a cause of action against the defendant upon the theory that having confirmed plaintiff in the belief that Venters was the owner of and had the right to sell the buildings, the defendant is precluded, if the allegations of the complaint be true—and they must be taken to be true for the purpose of demurrer—from denying that Venters had the right to sell the buildings. Respondent's other objections are nonsubstantial.

The judgment is reversed.

Lawlor, Acting C. J., Seawell, J., Waste, J., Houser, J., *pro tem.,* Richards, J., and Knight, J., *pro tem.,* concurred.