## Potts v. Moran's Executors.

(Decided November 11, 1930.)

WOODWARD, HAMILTON & HOBSON for appellant.

DODD & DODD for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In the fall of 1925, Thomas W. Moran entered into a written contract by the terms of which he agreed to sell to E. R. Potts approximately 1,037 acres of land in Seminole county, Fla., at the price of $30 an acre. Moran declined to carry out the contract on the ground that his wife, Ella Moran, refused to unite in a deed conveying the property. Thereupon Potts brought this suit to recover $36,295, it being the difference between the contract price and the price at which he claimed he had sold the property. During the progress of the action Moran died and the case was revived in the name of his executors. At the conclusion of the evidence the trial court instructed the jury to return a verdict for Potts in the sum of $1. Potts appeals.

It is insisted that the action of the court limiting appellant's recovery to nominal damages was erroneous, and that appellant was entitled to his bargain, that is, to the difference between what he agreed to pay Moran for the land, and the price at which he could have sold it at the time of Moran's failure to convey. In the case of Crenshaw v. Williams, 191 Ky. 559, 231 S. W. 45, 48 A.

L. R. 5, the facts were these: Williams had signed a contract agreeing to convey to Crenshaw a tract of land at a certain price. As the title to the land was in Williams' wife for life with remainder to her children, Williams was unable to convey a good title to the land, and Crenshaw brought suit to recover the sum of $20,000, which he claimed was the difference between the contract price and the market value of the land at the time of the sale. After an examination of the decisions of this and other courts, we announced the rule that a vendee of real estate is not entitled to damages for the loss of his bargain upon the inability of the vendor to make a good title, where the vendor acted in good faith and was guilty of no active nor positive fraud in the transaction. We also held that mere failure of a vendor of real estate to refer the vendee to his record of title, or the judicial decisions bearing upon it, was not such fraud as to deprive him of the benefit of the rule that damages for loss of bargain will not be awarded against a good-faith vendor who is unable to convey a good title. In reaching this conclusion we called attention to the fact that we had uniformly ruled that the measure of damages upon a breach of warranty of title was the value of the land lost as fixed by the consideration paid or agreed to be paid. We further pointed out that, with respect to the measure of damages, there was no substantial difference between a breach of warranty of title, and the breach of a covenant to convey where the vendor acted in good faith, and quoted with aproval the following excerpt from the opinion of this court in Goff v. Hawks, 5 J. J. Marsh. 341: "Since the decision in the case of Cox's Heirs v. Strode, 2 Bibb, 276 (5 Am. Dec. 603), the criterion of damages upon a covenant to convey land, which has been violated, but without fraud on the part of the covenantor, is the purchase money and interest thereon, or in the language of the case of Rutledge v. Lawrence, 1 A. K. Marsh. 397, it is, the 'value of the land at the time of the sale, to be ascertained by the consideration fixed or other evidence.' If, however, the covenantor has been guilty of fraud, a different rule may govern the case. Then, he would be responsible for the increased value of the land, at the time his covenant should have been performed." At the same time we disapproved of the case of Jenkins v. Hamilton, 153 Ky. 163, 154 S. W. 937, in so far as it announces a contrary doctrine. In reaching this conclusion we followed, not only our own

cases, but the early case of Flureau v. Thornhill, 2 W. Bl. 1078, 96 Eng. Rep. 635. It is true that many of the courts have refused to follow the English rule and have assigned various reasons for their refusal. One of them, after adverting to the fact that some of the courts applied the nominal damages rule because of the analogy between a breach of covenant to convey and a breach of warranty, held that the reason was not applicable in that state inasmuch as the measure of damages in that state for a breach of covenant of quiet enjoyment and warranty of title was not the consideration paid for the land and interest, but the value of the land at the time of the eviction. Doherty v. Dolan, 65 Me. 87, 20 Am. Rep. 677. In view of the fact that the conclusion in the case of Crenshaw v. Williams was reached only after the most careful consideration and finds support, not only in our own cases, but in many other jurisdictions, we are not inclined to depart from the rule there announced.

It remains to determine whether the refusal of Moran's wife to unite in the deed was a failure of title within the rule respecting the measure of damages.

It may be conceded that same of the authorities relied on by appellant, as well as others, are to the effect that, where the reason for the breach by the vendor of the contract to convey real estate is the refusal of his or her spouse to join in the deed, the vendee is entitled to recover as an element of damage compensation for the loss of his bargain. Greenberg v. Ray, 214 Ala. 481, 108 So. 385; Key v. Alexander, 91 Fla. 975, 108 So. 883; Puterbaugh v. Puterbaugh, 7 Ind. App. 280, 33 N. E. 808, 34 N. E. 611; McAdam v. Leak, 111 Kan. 704, 208 P. 569; Drake v. Baker, 34 N. J. Law, 358; Stone v. Kaufman, 88 W. Va. 588, 107 S. E. 295; Greer v. Duriot, 137 Va. 589 120 S. E. 291; McCarty v. Lingham, 111 Ohio St. 551, 146 N. E. 64; Grosso v. Sporer, 123 Misc. Rep. 796, 206 N. Y. S. 227. It appears from an examination of the Alabama and Ohio cases that the courts of those states do not apply the good faith rule. It further appears from an examination of the Florida, Indiana, Kansas, West Virginia, Virginia, and New York cases that the courts of those states are committed to the doctrine that, if the vendor at the time he enters into the contract knows that it will not be in his power to convey the title he contracts to convey unless he obtains the consent or conveyance of a third person which, at the time of the contract, he has no enforceable right to compel, the case

does not fall within the good-faith doctrine. Drake v. Baker, supra, is directly in point, but the doctrine therein announced was subsequently disapproved in the case that will hereafter be considered. In the remaining case, that of Brown v. Honniss, 70 N. J. Law, 260, 58 A. 86, the good faith rule was strictly applied, and the vendor was held liable to the vendee for the loss of his bargain where the former refused to convey upon an insufficient ground, although subsequently the claim was made that his wife refused to join in the deed. In connection with that case it is well to consider the change of view of the New Jersey Court of Errors and Appeals. The question first arose in Drake v. Baker, supra, where the vendor failed to convey because of the refusal of his wife to join in the deed. The court followed the exceptions ingrafted on Flureau v. Thornhill, supra; in Pounsett v. Fuller, 17 Com. B. 660; Robinson v. Harman, 1 Excheq. 849; Engel v. Fitch, L. R. 3 Q. B. 315; and Hopkins v. Grazebrook, 6 Barn & Cress. 31, and held that, where the vendor at the time of entering into the contract for the sale of real estate is aware that his ability to comply depends upon a contingency, the vendee in case of breach will be entitled to substantial damages to the extent of full indemnity. The question subsequently arose in Gerbert v. Trustees of the Congregation of Sons of Abraham, 59 N. J. Law, 160, 35 A. 1121, 1122, 69 L. R. A. 764, 59 Am. St. Rep. 578. After pointing out that since the decision in Drake v. Baker supra, the question was elaborately and exhaustively discussed and reviewed in the House of Lords in the case of Bain v. Fothergill, L. R. 7 H. L. 158, with the result that the cases of Pounsett v. Fuller, Robinson v. Harman, Engel v. Fitch and Hopkins v. Grazebrook, supra, limiting the doctrine announced in Flureau v. Thornhill, supra, were disapproved, and the original doctrine of that case fully restored, the court overruled the case of Drake v. Baker, and held that, in an action on a contract for breach of covenant to convey real estate with warranty of title, where the vendor's title was defective, only nominal damages could be recovered. In reaching this conclusion the court said: ''This rule has been so long recognized in our jurisprudence that it cannot now be subverted. That there is no substantial difference in the injury resulting, where there is an ouster after conveyance with warranty, and where there is a refusal of conveyance in pursuance of the contract to convey, when the vendor

is unable to make title, which can reasonably support a rule for damages in the former case wholly different from that which prevails in the latter case, is too obvious to require discussion. The injury in both cases is the same—the loss of the property; the loss of such profit as would have been incident to increased value. The loss in both cases arises from the breach of the vendor's covenant on account of the defect in his title. There can, therefore, be no solid basis for diversity in the rule of damages applicable to the two conditions, and the rule should be unified if there is no serious obstacle in the way.'' We have never held that, if the vendor at the time of entering into the contract knows that he has no title, or that it is necessary to procure the consent or conveyance of another whom he is without power to compel, this of itself in case of breach is such bad faith as will entitle the vendee to the benefit of his bargain, and, in view of the ruling of the House of Lords in Bain v. Fothergill, supra, and of the change of view of the New Jersey Court of Errors and Appeals, we are not inclined to follow the lead of New York, Virginia, and other states.

Here no bad faith on the part of Moran was charged or proved. On the contrary, he evinced his good faith by an offer in his answer to convey the land and deduct therefrom the value of his wife's inchoate right of dower, and to pay Potts all the expense to which he had been put. All that we have is the wife's refusal to join in the deed. The husband's dominion over the wife is not what it once was. The wife of today has asserted and established her independence. She does not always yield to the wishes or even the advice of her husband, but frequently exercises her own judgment. Because of this situation we are not inclined to hold that the refusal of the wife, without more, is sufficient to show fraud or connivance on the part of her husband. In the circumstances we conclude that the trial court properly ruled that appellant was not entitled to recover for the loss of his bargain. This view of the question finds support in Bitner v. Brough, 11 Pa. 127; Burk v. Serrill, 80 Pa. 413, 21 Am. Rep. 105; Yates v. James, 89 Cal. 474, 26 P. 1073; in all of which it was held that, if the vendor acted in good faith, the refusal of the wife to join in the deed was such failure of title as to defeat vendee's claim for loss of bargain, and call for nominal damages only.

Judgment affirmed.