[Civ. No. 7675. First Appellate District, Division One.—March 13, 1931.]

PHILIP L. WILSON, Appellant, v. J. A. ROSENKRANZ et al., Respondents.

512

Overton, Lyman & Plumb for Appellant.

Dana R. Weller for Respondents.

GRAY, J., *pro tem.*—Vrena A. Rosenkranz gave to appellant, upon terms therein expressed, an exclusive option to purchase her real property "free and clear of encumbrance". After her failure to perform, upon the exercise of his option, appellant, alleging she acted in bad faith, sued to recover under section 3306 of the Civil Code "the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach". As J. A. Rosenkranz was joined as a party solely because of marriage, he will be eliminated from this discussion and Vrena A. Rosenkranz considered as the sole respondent.

Appellant seeks a reversal of the judgment in favor of respondent because of (1) the alleged erroneous admission of testimony as to conversations between respondent and appellant's agent at and prior to the execution of the option, and (2) alleged insufficiency of the evidence to support the finding that respondent did not act in bad faith. ■ Overruling appellant's objection that such testimony attempted to vary the terms of the written option, which obligated respondent to convey title "free and clear of encumbrance", the court admitted, solely on the issue of bad faith, testimony that, at and prior to the execution of the option, respondent informed appellant's agent that her property was encumbered by a deed of trust of which she was unable to obtain a reconveyance, and that the agent promised to obtain such reconveyance. Obviously if respondent sought by this testimony to prove that she was not obligated to convey title "free and clear of encumbrance", but was only obligated to convey subject to the deed of

trust, the objection would have been well taken (Civ. Code, sec. 1625; Code Civ. Proc., sec. 1856), but that was neither the purpose nor the effect of such testimony, since the respondent offered it solely on the issue of bad faith and the court expressly limited its reception to the offer. Respondent, by her answer and admission at the trial, conceded that the option correctly expressed the agreement of the parties. If her answer attempted to plead facts sufficient to entitle her to a reformation of the option, it was clearly insufficient for that purpose, nor did she by her theory of trial present such issue. The only issue here material, presented · by the pleadings, was the question of her bad faith in failing to perform. As to that issue, the terms of the option are silent and therefore the only evidence that could be presented would be as to matters outside of the option. In *Johnson* v. *Schimpf,* 197 Cal. 43 [239 Pac. 401], it was held that pleading of false representations, made by the seller prior to the execution of the agreement, as to the ownership of the property to be conveyed, sufficiently charged bad faith. If the purchaser can establish bad faith on the part of the seller by proof of the latter's false representations prior to the execution of the agreement, the seller should likewise be permitted to negative bad faith on her part by proof of false representations, made by the purchaser prior to the execution of the option.

Appellant argues that the finding that respondent did not act in bad faith is not supported by the evidence because such evidence shows that the agent's promise to obtain the reconveyance was induced by respondent's false representation as to the extent of her liability under the deed of trust. An examination of the evidence as to respondent's statements as to her liability, shows that they fall short of a fraudulent representation, because they were not made or understood as a positive statement of an existing fact, but were made as a guess by which the agent was not misled. This argument also is predicated upon a shifting of the burden of proof from the appellant to respondent.

It was incumbent upon appellant to prove, by a preponderance of the evidence, his affirmative allegation that respondent acted in bad faith. (*Yates* v. *James,* 89 Cal. 474 [26 Pac. 1073].) It is questionable whether respondent's refusal to convey as obligated (which is all of appellant's

proof on this issue) is sufficient to establish bad faith (opinion of Supreme Court in denying a hearing in *Shaw* v. *Union Escrow etc. Co.*, 53 Cal. App. 66 [200 Pac. 25]). On the other hand, respondent's showing that the agent was informed as to the existence of the deed of trust (48 A. L. R. 12, 50) and that he promised to obtain a reconveyance (*Hamaker* v. *Bryan*, 178 Cal. 128 [172 Pac. 391]) is sufficient to support that finding.

Finding no error as to matters urged by appellant, the judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 11, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 11, 1931.