[Civ. No. 6389.  First Appellate District, Division One.—December 27, 1928.]

P. CONNOLLY, Appellant, v. LAKE COUNTY CANNING COMPANY (a Corporation) et al., Respondents.

W. D. L. Held for Appellant.

Hale McCowen, Jr., for Respondents.

KNIGHT, J.—Appellant, as the owner of an undivided one-fifteenth interest in an acre of land in Mendocino County, brought this suit to quiet title thereto, and to require respondents, who were occupying said land, to account for the proceeds derived from its use. Respondents filed a cross-complaint for specific performance, alleging in substance that during the year 1916 respondent Lake County Canning Company entered into possession of said land under a written lease granted by plaintiff and his co-owners, and by the same instrument was given an option to purchase the land at any time prior to April 1, 1919; that the exercise of the option was delayed by the acts of the appellant until April 10, 1919, at which time said Canning Company tendered appellant his share of the purchase price, amounting to $233.19, and demanded a deed; and that appellant refused to accept the money or to execute the deed. The trial court found generally in accordance with the facts alleged in the cross-complaint, and from the judgment entered on said findings this appeal is taken.

Appellant devotes much space in his brief to the citation of authorities holding generally that time is of the essence of an option to purchase, and that it is essential to a judgment in specific performance that a tender of the purchase price be made within the time limit fixed by the option. Section 1511 of the Civil Code provides, however, that the want of performance of an obligation, or of an offer of performance, in whole or in part, or any delay therein, is excused "when such performance or offer is prevented or delayed by the act of the creditor . . . "; and in the present action the trial court found that the delay of ten days in exercising the option was caused by the acts of the appellant; consequently the only question presented for determination on the appeal is whether the evidence reasonably supports such finding.

The facts are as follows: During the year 1910, the Ukiah Canning Company, a corporation, deeded the land in question to some fifteen individuals, one of whom was the appellant. In 1916, a Mr. Poage, acting on behalf of the Lake County Canning Company (which for convenience will be referred to hereinafter as respondent), obtained from said individuals the written lease and option above men-

tioned, but the same was not recorded. During the subsequent occupation of the property by respondent, and with the expectation of buying the same, it expended several thousand dollars in erecting buildings thereon and otherwise improving the property. In February, 1919, respondent decided to exercise its option, but the written lease and option could not be found, the same apparently having been misplaced during a change which had taken place previously in the official personnel of the company. Mr. Cunningham, who became the manager and secretary of the respondent company, knew of the existence of said instrument and that appellant was one of the signers thereof, but he did not know the names of the numerous individuals holding the record title to the property, nor the exact date of the expiration of the option. Therefore, in order to prepare a valid deed conveying complete title, Cunningham, on behalf of respondent, employed appellant, who was an abstractor and searcher of titles in Mendocino County, to obtain a correct list of the record owners of said property and to report the same to respondent. Appellant accepted the employment and agreed to furnish such report, but when Cunningham called on him later, on three or four different occasions prior to April 1, 1919, for the report of title, was told by appellant that he had not yet had time to secure the necessary information from the records; and finally, so Cunningham testified, about April 1, 1919, appellant informed him that the data he was seeking was not available from the records because, as appellant stated, the deed from the Ukiah Canning Company to the fifteen individuals who executed the lease and option was not of record. This latter statement was manifestly not true, because admittedly said deed had been on record in Mendocino County since 1910, and appellant had knowledge of such fact; and therefore the trial court was justified in finding, as it did, that appellant made said statements for the purpose of delaying the exercise of said option beyond the period of time fixed therein; and that such was the effect thereof. The evidence further shows that within several days after appellant made such statement respondent succeeded in obtaining the necessary information from the records to consummate the sale, and thereupon, and on April 10, 1919, it tendered appellant his share of the purchase price and demanded the execution of

a deed; but, as stated, appellant refused to accept the money or to execute the deed upon the ground that the tender had not been made within the time fixed in the option.

The foregoing facts and circumstances are amply sufficient in our opinion to support the conclusion reached by the trial court that the delay in exercising said option was due to the acts of the appellant and that therefore he was estopped from taking any legal advantage of such delay.

Appellant does not deny having accepted employment from respondent to examine the records, but claims that such employment related to the lease and option, which, as stated, was not of record, and not to the recordation of the deed or the contents thereof. The trial court found otherwise, however, upon conflicting evidence; and consequently its finding is controlling. Appellant also claims that in any event it is immaterial whether or not he misrepresented the state of the record as to the recordation of the deed because, as he asserts, Cunningham knew prior to April 1, 1919, that appellant was one of the owners of record, and that consequently nothing he may have said with reference to the recordation of said deed could have prevented respondent from exercising its option as to appellant's interest prior to April 1, 1919, had it desired to do so. This argument might have some force were it not for the fact that it totally ignores the matter of said employment. After accepting the same appellant was doubtless acting toward respondent in the dual capacity of vendor and employee, and as such employee he was bound to act in good faith toward his employer. The object of such employment, as he knew, was to obtain certain information disclosed by the recordation of the Ukiah Canning Company deed so that respondent in closing the transaction might prepare a deed to convey complete title; and it is evident that if he had furnished this information to respondent within a reasonable time, as could have been done easily, respondent would have been in a position to exercise the option long prior to the date of its expiration. But, as shown, owing to appellant's conduct, first in offering the excuse he had not yet been able to attend to the matter, and then in misrepresenting the fact as to the recordation of the Ukiah Canning Company deed, the date fixed for the exercise of the option, which as stated was then unknown to respondent, was allowed to expire.

Clearly, under such circumstances the trial court was warranted in holding that appellant was not in a position to complain of the delay.

The judgment is affirmed.

Tyler, P. J., and Campbell, J., *pro tem.*, concurred.