[Civ. No. 17039.   Second Dist., Div. One.   July 18, 1949.]

GUSTAVE MAGNUS et al., Respondents, v. AMBER MORRISON et al., Appellants.

William Ellis Lady, in pro. per., for Appellants.

Boltwood E. Dodson for Respondents.

DRAPEAU, J.—Plaintiffs, husband and wife, undertook to purchase real property. It was encumbered with a trust deed given to secure payment of a purchase money promissory note of $8,964.16. The note provided for payments of $90 a month.

An escrow agreement was entered into for the purpose of putting the deal through. Then it was discovered that the owners of the property from whom the plaintiffs were purchasing had failed to make five of the monthly payments, and that the beneficiary under the trust deed had directed the trustee to sell it.

The plaintiffs tendered to the beneficiary $500, which was sufficient to comply with the requirements of section 2924c of the Civil Code. Tender was refused. No objection was made to the amount of the tender or to the manner in which it was made. The tender was just refused, with no specification of any reason therefor. The tender was confirmed by a letter, which further offered to pay each of the monthly payments as they came due. This offer was also refused.

The purchasers brought this action, to enjoin the sale under the trust deed, and to declare the rights of all parties concerned.

The trial court found that there was a lawful and sufficient tender, and that in accordance with the provisions of the code section, default under the trust deed was cured. The court also found that monthly payments amounting to $1,080 had not been made, but that this was not a default under the deed of trust in view of the tender and offer. Judgment was that the plaintiffs pay the defendant beneficiary $1,580, the total amount of monthly payments then due; that the beneficiary accept this amount; and that the parties execute necessary documents to reinstate the trust deed and the obligation thereby secured.

Defendant appeals, and urges that the judgment be reversed for the reason that the money tendered was not deposited to the credit of defendant in a bank and notice given to said defendant, as required by section 1500 of the Civil Code.

On the date of the tender $450 in monthly installments was unpaid, and the beneficiary under the terms of the trust deed had elected to declare the entire unpaid balance due.

But when tender was made, the default was cured, no balance was due, and the plaintiffs stood ready to pay the monthly installments.

Section 2924c of the Civil Code was first enacted in 1933, during a time of financial stress and depression throughout the United States. The purpose of the legislation was to save equities in homes, in many instances built up through years of monthly payments. Failures of small businesses, loss of jobs, conditions over which borrowers had no control rendered it impossible for them to make monthly payments secured by trust deeds. In some instances creditors wiped out savings of a lifetime by directing sales under trust deeds when it was impossible to refinance even small balances on loans thereby secured. At best, if the home owner could refinance his obligation, he was required to pay trustees fees and costs of sale at a time when he was least able to do so.

While conditions are fortunately different than they were in 1933, the protection given by the section to borrowers is just as important now as it was then. The right to make up payments in default and thus avoid calling the entire loan and sale under a trust deed is good public policy at any time.

Extinguishment of the ultimate obligation is not the purpose of section 2924c of the Civil Code. Therefore, section 1500 of the same code is not applicable to the facts in this case. Tender is an offer of performance, not performance itself. The reason payment was not made was because of the refusal of the beneficiary to accept it. The trial court properly determined that it was apparent that the tender would not be accepted. Under such circumstances, it was unnecessary to deposit the money in a bank as provided by section 1500, Civil Code; and, the tender being futile, it was unnecessary to pay the amount into court to keep the tender good. (*Wagner* v. *Shoemaker*, 29 Cal.App.2d 654 [85 P.2d 229].)

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 15, 1949. Schauer, J., voted for a hearing.