[Civ. No. 13878.   First Dist., Div. Two.   Aug. 10, 1949.]

SHERMAN M. LAMONT et al., Appellants, v. WILBERT M. BALL et al., Respondents.

Irving M. Liner and Lionel B. Benas for Appellants.

Deasy, Crittenden, Dodge and Alexander for Respondents.

DOOLING, J.—Plaintiffs and appellants sued defendants and respondents for specific performance of an oral contract to sell and convey a lot of land improved with a dwelling house and the furniture and furnishings thereof and respondents cross-complained to quiet their title to the real property. Judgment went against appellants on their complaint and in favor of respondents on the cross-complaint.

On September 13, 1945, the parties entered into an oral agreement whereby respondents agreed to sell the real and personal property for $3,000, $2,000 of which was paid at the time, the balance of $1,000 being represented by a promissory note payable on December 31, 1945. Appellants also agreed to assume an existing indebtedness secured by a mortgage on the real property. The trial court expressly found that under the terms of said agreement time was not of the essence. Under the agreement appellants were immediately let into possession.

On December 31, 1945, the promissory note was not paid nor did respondents tender a deed to the property. On February 28, 1946, respondents demanded payment of the promissory note by appellants with interest as provided therein on or before March 12, 1946, on penalty of forfeiture of their rights. However, no deed was tendered to appellants on or before the latter date. In April, 1946, appellants requested respondents to place a deed to appellants in an escrow opened for that purpose promising: "The deal should close quickly and your check will be sent you by the title company." On May 3, 1946, respondents deposited a deed in escrow as requested with instructions to deliver it on payment of $1,000 with interest to date at the rate provided in the promissory note.

The sale which appellants had negotiated to a third party fell through because of mortgage liens which appellants had created on their equity in the real property and on August 1, 1946, the escrow was closed. In June, 1946, appellants vacated the property in anticipation of its proposed sale and early in September, 1946, respondents having learned that the escrow was terminated and finding the property vacant reoccupied it. On September 28, 1946, appellants tendered the balance due to respondents and demanded a deed which respondents refused on the ground that appellants' rights had been forfeited.

On December 31, 1945, the date when the balance of the purchase price fell due, the payment of the balance by

appellants and the delivery of a deed by respondents were concurrent conditions, and the appellants were not in default because respondents failed to tender them a deed to the property. (*Kerr* v. *Reed,* 187 Cal. 409 [202 P. 142]; *Monnette* v. *Title Guar. & T. Co.,* 30 Cal.App.2d 428 [86 P.2d 848]; 25 Cal.Jur., Vendor and Purchaser, § 109, p. 600.) For this reason the demand for payment made on February 28, 1946, and notice of intended forfeiture if payment was not made by March 12, 1946, were of no legal effect since respondents made no tender of a deed at any time during that period.

Thus the contract was still in full force and effect on May 3, 1946, when at appellants' request respondents finally placed a deed in escrow. Accompanying the deed was no demand for payment at any particular time nor any notice of intended forfeiture for failure to pay within any specified time or at all. Time not being of the essence, as specifically found by the trial court, the rule stated in *Alexander* v. *Jackson,* 92 Cal. 514, 522 [28 P. 593, 27 Am.St.Rep. 158] was applicable: "When time is not made of the essence of the contract, it is incumbent upon the party who would terminate the contract to give notice to the other, and a reasonable time within which to do any act required on his part, before he can be absolved therefrom."

Respondents argue that time was of the essence in spite of the court's finding to the contrary. Even so respondents would be in no better position. By failing to tender a deed on December 31, 1945, respondents themselves waived a strict performance of the contract and even if time was of the essence respondents could thereafter only place appellants in default and forfeit their rights under the contract by giving definite notice that unless payment was made on "a date fixed therefor, far enough in the future to give the purchaser reasonable time and opportunity to comply with his contract by making the payments, the contract will be terminated and a forfeiture will take place." (*Adams & McKee Land Co.* v. *Dugan,* 68 Cal.App. 226, 231 [228 P. 681]; *Stevinson* v. *Joy,* 164 Cal. 279, 285 [128 P. 751]; *Chin Ott Wong* v. *Title Ins. & Trust Co.,* 89 Cal.App.2d 183, 188 [200 P.2d 541]; *Urban* v. *Yoakum,* 89 Cal.App. 202, 208 [264 P. 493]; *Leballister* v. *Morris,* 59 Cal.App. 699, 703 [211 P. 851]; 25 Cal.Jur., Vendor and Purchaser, § 119, p. 618.) This was never done.

Respondents attempted to excuse this failure to give such a notice by testimony of unsuccessful efforts to locate the

appellants after reoccupying the property on September 1, 1946. The effect of this testimony was destroyed by Mr. Ball's admission on cross-examination that he had met appellant Sherman Lamont on September 10, and had neither asked him where he was living nor said anything ''about the house.''

Thus on September 28, 1946, 18 days after this meeting, when appellants tendered the balance due with interest and demanded a deed respondents had never at any time taken the necessary steps to terminate the contract and work a forfeiture.

The placing of mortgages upon appellants' equity did not operate to work a forfeiture nor did the removal of the personal property from the premises. There is no support in the evidence for the finding of the trial court that either act was in violation of the contract, and upon payment of the balance of the purchase price as tendered neither act could possibly be harmful to respondents. Nor can we find that the withdrawal of the deed and instructions from escrow on the failure of the intended sale worked a forfeiture. The law abhors forfeitures (Civ. Code, § 1442; 12 Cal.Jur., Forfeitures, § 3, p. 633) and respondents having once waived strict performance appellants were entitled to treat the contract as continuing in the absence of notice to the contrary in accordance with the above stated rules. The evidence simply does not support the essential findings. Since no default was proved we need not consider the question of appellants' right to be relieved. (*Barkis* v. *Scott,* 34 Cal.2d 116 [208 P.2d 367].)

Judgment reversed.

Goodell, J., concurred.

A petition for a rehearing was denied September 8, 1949, and respondents' petition for a hearing by the Supreme Court was denied September 29, 1949. Edmonds, J., and Schauer, J., voted for a hearing.