[Civ. No. 6159.   Fourth Dist.   July 1, 1960.]

JOE H. LAWRENCE et al., Respondents, v. ILUS E.
SETTLE et al., Appellants.

W. E. Starke for Appellants.

Rubin, Seltzer & Solomon and Herbert J. Solomon for Respondents.

SHEPARD, Acting P. J.—Plaintiffs brought this action to recover money paid for an option and for damages for breach of the agreement of option. Defendants had judgment, but the trial court granted a motion for a new trial. The appeal is by the defendants from the order granting a new trial.

From the record before us, it appears that on June 12, 1957, in consideration of the payment of $2,500 by plaintiffs to defendants, defendants executed an option agreement by which they granted to plaintiffs an option to buy certain real property for the agreed purchase price of $32,000. The option terms recited, in substance, that the option might be exercised by plaintiffs at any time within seven months, defendants to furnish grant deed and title certificate showing clear title. The details of transfer of title and payment are described as follows:

"Upon the execution of said deed and certificate of title the buyers agree to pay the sellers the further sum of Six

Thousand Dollars ($6000.00) and execute a first trust deed and note in the amount of Twenty Three Thousand Five Hundred Dollars ($23,500.00) with interest from May 15, 1958 on the amount of principal, remaining from time to time unpaid at the rate of Six Percent (6%) per annum, principal and interest payable in monthly installments of Two Hundred Thirty Five Dollars ($235.00) or more each, on the Fifteenth day of each and every month beginning June 15, 1958. Said Trust Deed Note to contain an acceleration clause.''

The fact of the execution of the option and the payment of the $2,500 is not in dispute. The evidence relating to acceptance of the option and matters relating thereto is in conflict.

Plaintiffs' testimony was to the effect that on January 2, 1958, plaintiff Joe H. Lawrence orally notified defendants that he was then ready to pay the $6,000 and to start the transaction through escrow. Defendant Ilus E. Settle at that time said he didn't want the money then because a real estate agent was claiming a commission from him for the sale. Mr. Settle did not object to an escrow as such, nor did he object on the ground that the actual cash was not tendered, nor for any other reason than that for his own convenience he wished to put the sale off. Again, on January 11, 1958, a similar conversation was had between Mr. Lawrence and Mr. Settle. At no time did defendants tender to plaintiffs a deed nor make any offer to deliver a deed. Each time his only response was a request for delay. Further testimony was adduced to show that the $6,000 was then available and would be immediately forthcoming if defendants were willing to deliver their deed.

As respects the purchase and sale of real property, an option is a unilateral offer by the owners to a prospective buyer to sell to the buyer within the time and under the conditions stated in the option. When given for a lawful consideration it may not be revoked within the time limit. When the offer is accepted by adequate word or act of the optionee, it becomes a contract of sale according to the terms of the offer and acceptance. (*Caras* v. *Parker,* 149 Cal.App.2d 621, 626-627 [309 P.2d 104]; *Dawson* v. *Goff,* 43 Cal.2d 310, 316-317 [273 P.2d 1].) The exercise of an option is merely the communicated election of the optionee to accept the option. Unless required by statute to be in writing, it may be accepted orally. (*Murfee* v. *Porter,* 96 Cal.App.2d 9, 17 [2] [214 P.2d 543].) Civil Code, section 1582, provides:

''MODE OF COMMUNICATING ACCEPTANCE OF PROPOSAL. If a proposal prescribes any conditions concerning the communica-

tion of its acceptance, the proposer is not bound unless they are conformed to; but in other cases any reasonable and usual mode may be adopted.''

It is not necessary that the acceptance be accompanied by a tender of the purchase price unless the option so provides. (*Cates* v. *McNeil*, 169 Cal. 697 [147 P. 944] ; *Murfee* v. *Porter, supra,* 16.) It will be noted that in the case at bar there was no provision in the option for any written notice nor any tender of purchase price in accepting the option.

In the absence of objection by the optionor to the form of tender, an oral tender of the money agreed to be paid is sufficient. (*Hunt* v. *Mahoney,* 82 Cal.App.2d 540, 546 [3] [187 P.2d 43].) As was said in *Magnus* v. *Morrison,* 93 Cal.App.2d 1, 3 [208 P.2d 407], ''Tender is an offer of performance, not performance itself.'' Refusal of the optionor to accept the offer without objection to the form of the offer waives any objection not then made as to form.

Under the terms of the option in the case at bar, payment of the money and execution of trust deed for the unpaid balance were conditions concurrent with delivery of the deed once plaintiff had given notice of the exercise or acceptance of the option. Therefore, if the court believed that plaintiffs had adequately given notice of the exercise of their option, defendants could not have placed plaintiffs in default without first tendering a deed. (*Lamont* v. *Ball,* 93 Cal.App.2d 291, 292 [2] [209 P.2d 9].) The new trial was granted on the grounds, *inter alia,* of (1) insufficiency of the evidence to justify or sustain the decision of the court, and (2) that the decision is against law.

''The determination of a motion for a new trial rests so completely within the court's discretion that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears, and the order will be affirmed if it may be sustained on any ground, although the reviewing court might have ruled differently in the first instance. . . . It has also been said that the power of the judge to do justice by ordering a new trial is not impaired even though the moving party is technically estopped to claim error or has waived his right to complain.'' (*Shaw* v. *Pacific Greyhound Lines,* 50 Cal.2d 153, 159 [6-8] [323 P.2d 391].)

If the court believed the evidence of plaintiffs, the order granting a new trial was fully justified because the decision

was against law. If, on the hearing of a motion for a new trial the court became convinced that it had decided the facts wrong and that it should have determined the facts to be in accordance with plaintiffs' evidence, then its order was still justified on the ground of insufficiency of the evidence to justify the judgment of the court.

The order granting a new trial is affirmed.

Coughlin, J., and Shea, J. pro tem.,* concurred.

_____
*Assigned by Chairman of Judicial Council.