[Civ. No. 10093. Third Dist. Aug. 8, 1961.]

CROCKER-ANGLO NATIONAL BANK, as Executor, etc., et al., Appellants, v. CARL KUCHMAN et al., Respondents.

Lambert and Lemmon for Appellants.

McDonough & Wahrhaftig and Milton L. Schwartz for Respondents.

WARNE, J. pro tem.*—Plaintiffs in their complaint allege that they had purchased all the capital stock of a certain corporation from the defendants, Carl Kuchman and Earl Shenker; that they had been induced to make such purchase by fraudulent representations concerning the value of the stock as reflected by the assets of the corporation, its business, its prospects, and its good will; that plaintiffs had paid

---

*Assigned by Chairman of Judicial Council.

$30,000 for the stock; that on discovering the fraud they had rescinded the contract, had tendered the return of the stock, and had demanded that the defendants restore to them the money paid; that the plaintiffs had received nothing except the stock; that the stock was without value; and that in perpetrating the alleged fraud defendants had acted maliciously. By an additional count plaintiffs allege that defendants had received from them the sum of $30,000 for the use and benefit of plaintiffs; that demand had been made for the return of said sum, which was refused, and that the entire sum remained unpaid. The prayer of the complaint asked ''That the agreement of purchase and sale of stock . . . be declared rescinded; 2. That defendants restore to plaintiffs the sum of $30,000.00 . . . , together with interest . . . ; 3. That plaintiffs be awarded punitive damages; 4. For costs of suit; and 5. For such other and further relief as to the Court may seem just and equitable.''

The defendants answered by denying the particular allegations of fraudulent acts alleged to have been done by them. They asserted affirmatively that plaintiffs had not acted promptly and therefore had not been entitled to rescind when they did act; that this failure to act promptly had injured defendants; that plaintiffs had themselves breached the agreement by refusing to pay the balance of the purchase price for the stock; that said plaintiffs could not restore everything of value received by them because certain conduct of theirs had greatly depreciated the assets of the corporation and had injured the business; that plaintiffs could no longer place defendants *in statu quo*; that they, defendants Kuchman and Shenker, upon the sale of the stock, had in good faith relied upon the finality of the sale and if rescission were permitted they could not extricate themselves from their changed position without damage. They denied the allegations of the common count generally. They also cross-complained, alleging that a part of the purchase price was unpaid, for which they asked judgment. They further cross-complained that by reason of plaintiffs' false representations they had been led to believe that a business broker who handled the deal was the sole agent of defendants Kuchman and Shenker in the transaction, when in fact, unknown to them, he was the agent of plaintiffs; and that in reliance upon the falsely induced belief they had paid the broker $3,000 commission. They asked judgment for this sum.

The record discloses that the defendant R. A. Jones failed

to appear in the action, and that upon motion of plaintiffs the action was dismissed as to the defendant Harold M. Harter.

The action came to trial before the court sitting with a jury. Plaintiffs' counsel made an opening statement to the jury concerning the nature of the action and what plaintiffs expected to prove. At this point the court recessed for the day. The following day counsel for plaintiffs moved the court that he be given the opportunity of reopening his introductory statement to the jury for the purpose of explaining the theory of the second cause of action and also that of the third cause of action. The motion was denied. Defendants Kuchman and Shenker then moved the court for an order dismissing the second cause of action of plaintiffs' complaint on the ground that it did not state a cause of action. The motion was granted and the court entered its order striking and dismissing the second cause of action, whereupon plaintiffs moved the court for an order granting them leave to amend the second cause of action set forth in their complaint. This motion was denied. The record shows that at this point the following occurred: "THE COURT: . . . Is there anything else that you gentlemen want to present to the Court before we bring in the jury? . . . MR. LEMMON: I will not proceed with the case, your Honor. THE COURT: Well, you want to make some formal motion now or some request or what? MR. LEMMON: Well, so far as I am concerned, the plaintiffs will rest their case at this point. . . . THE COURT: . . . Well, then, Mr. Lemmon, do I understand definitely now that the plaintiffs have rested? MR. LEMMON: Yes, your Honor."

Defendants then moved for a nonsuit which was granted. However, it was then stipulated that the cause of action against plaintiffs presented by the cross-complaint be dropped from the calendar to be reset for trial upon the motion of either party and the judgment so provides.

Plaintiffs appeal from the order striking and dismissing the second cause of action and from the judgment of nonsuit, and from the whole of the judgment.

We have concluded that this appeal is premature because the cross-complaint and the answer thereto are still pending and a final judgment has not been entered in the cause.

 Under the California procedure there is ordinarily only one final judgment, and in an action like the present one where the cross-complaint has been filed and the matter stated therein put in issue there is nothing that permits the rendi-

tion of two separate judgments where the parties to the complaint and the cross-complaint and the transaction out of which the action arose are identical. █ A cross-complaint is not sufficiently independent to allow a final judgment, unless the judgment may be considered final as to some of the parties. (*Sjoberg* v. *Hastorf,* 33 Cal.2d 116 [199 P.2d 668] ; *Nicholson* v. *Henderson,* 25 Cal.2d 375 [153 P.2d 945] ; *Krug* v. *Meehan,* 106 Cal.App.2d 554 [235 P.2d 410].)

█ A final judgment may not be entered until the issues raised by the cross-complaint and the answer thereto have been determined.

As no final judgment in this action has been rendered by the trial court, the appeal from the purported judgment must be dismissed. The proper procedure to be followed by the trial court after the going down of the remittitur is outlined in *Mather* v. *Mather,* 22 Cal.2d 713 [140 P.2d 808].

The appeal is dismissed.

Van Dyke, P. J., and Peek, J., concurred.