[Civ. No. 9071. Fourth Dist., Div. Two. June 3, 1969.]

RIVERSIDE FENCE CO., INC., Plaintiff and Respondent,
v. JAMES NOVAK et al., Defendants and Appellants.

Ray R. Goldie, Dennis L. Collier and Clark A. Hansen, Jr., for Defendants and Appellants.

Alan Nixen and Arthur R. Seidler for Plaintiff and Respondent.

TAMURA, J.—Defendants appeal from a judgment decreeing specific performance of an option to sell certain real property.

The following facts are virtually undisputed:

On November 20, 1962, defendants leased subject property to plaintiff for a term expiring October 31, 1963, with an option to renew for two successive one-year terms. Plaintiff exercised the renewal option for the two years extending the lease to October 31, 1965. The lease granted plaintiff an option to purchase the property for $29,000 on the following terms: $5,000 cash down, the assumption of an existing trust deed in favor of Hemet Federal Savings & Loan Association, and the

balance to be secured by a second trust deed in favor of defendants payable "at the rate of Seventy-five Dollars ($75.00) per month and interest at the rate of six percent (6%) per annum," with the entire balance to be paid within five years of the date of exercise of the option or eight years of the date of execution of the lease, whichever is longer. The option provided that plaintiff was entitled to a credit towards the purchase price in the sum of $700 for each year the lease had been in existence, the credit to be applied to the down payment.

On September 13, 1965, plaintiff opened an escrow with the Security First National Bank (Bank) for the purchase of the subject property for $29,000. The escrow instructions provided for the payment in full of the loan secured by the existing trust deed in favor of Hemet Federal Savings & Loan (the unpaid balance then being $11,908.76), the recordation of a new trust deed in favor of the bank for $15,000 and a second trust deed for $11,900 in favor of defendants, principal and interest payable at the rate of $75 per month with the unpaid balance to be paid in full on October 1, 1970. The instructions also contained the following recital:

"This escrow is the consummation of that certain Lease with Option to Purchase dated Nov. 20, 1962 by and between James Novak and Ruth Novak, his wife, as Lessors, and Riverside Fence Co., Inc., a California corporation, as Lessee, with the loan of record thereunder in favor of Hemet Federal Savings and Loan Association to be paid in full through this escrow as the responsibility of the purchasers herein, and at their request, WITH Sellers herein allowing proper credit for said pay-off."

Plaintiff signed the instructions and the Bank mailed defendants a copy together with a deed, accompanied by a letter of transmittal requesting defendants to execute and return the documents. Defendants received the documents on September 30, 1965, but failed to sign or return them. On October 18, 1965, Mrs. Moore, the Bank's escrow officer, telephoned defendant Novak and asked if he were going to sign the instructions, stating that "time was of the essence." Mr. Novak stated he was going out of town and would call her on October 25. In a letter confirming the telephone conversation and Mr. Novak's promise to call her on the 25th, Mrs. Moore stated in part: "On October 18th we talked to you regarding subject escrow with Riverside Fence Company, Inc., and the lease with option to buy which they hold with you." On

October 25, Mr. Novak called Mrs. Moore and stated that he would not be signing the escrow instructions. During the conversation Mrs. Moore repeatedly inquired why he was not going to sign, ". . . what was the trouble with the escrow," and whether anything could be done. Mr. Novak refused to reveal why he would not approve the instructions.

On October 29, 1965, plaintiff instituted the present action alleging that it had performed all of the terms and conditions of the option agreement, that it was ready, able and willing to pay defendant all monies mentioned in the option, that it had opened an escrow for that purpose, and prayed for a decree that defendants perform the "option agreement and escrow instructions. . . ." Following a demurrer to the complaint but prior to a hearing thereon, plaintiff filed an amended complaint on January 7, 1966, eliminating any reference to the escrow and praying for specific performance of the option in accordance with the agreement.

The court found that plaintiff gave timely and sufficient notice of exercise of the option, that although the escrow instructions did not comply with the terms of the option, defendants "waived their right to object to this variance when they failed to complain, after ample opportunity to do so, and any defects were subsequently cured by timely filing of the Complaint and the Amended Complaint." The court decreed specific performance in accordance with the option agreement.

Defendants contend that the submission of escrow instructions at variance with the option agreement was not an unqualified acceptance of the option and that, hence, plaintiff failed to exercise the option in accordance with its terms within the specified period.

■ An option supported by consideration is an irrevocable offer, open for a prescribed period. ■ If there is actual consideration instead of a promise of consideration, the option contract is unilateral. (1A Corbin, Contracts, §§ 260, 263.) ■ The acceptance must be in accordance with the terms of the option agreement and must be free of conditions which the optionor is not bound to perform. (*Robbins* v. *Pacific Eastern Corp.*, 8 Cal.2d 241, 276 [65 P.2d 42]; *Schomaker* v. *Osborne*, 250 Cal.App.2d 887, 890 [58 Cal.Rptr. 827]; *Schmidt* v. *Beckelman*, 187 Cal.App.2d 462, 469 [9 Cal. Rptr. 736]; 1 Witkin, Summary of Cal. Law (1960) 60; 1A Corbin, Contracts, § 264.) "Nothing less will suffice unless the optionor waives one or more of the terms of the option." (1

Williston, Contracts, 206.) Unless the option so provides, the acceptance need not be accompanied by a tender of performance. (*Cates* v. *McNeil*, 169 Cal. 697, 704-707 [147 P. 944]; *Lawrence* v. *Settle*, 182 Cal.App.2d 386, 389 [6 Cal. Rptr. 49]; *Murfee* v. *Porter*, 96 Cal.App.2d 9, 16-17 [214 P.2d 543].) "The exercise of an option is merely the communicated election of· the optionee to accept the option." (*Lawrence* v. *Settle, supra*, p. 388.) Unless otherwise required by statute, acceptance may be written or oral; an oral acceptance of a written option to convey real property is valid. (Civ. Code, § 1582; *Vezaldenos* v. *Keller*, 254 Cal.App.2d 816, 826-827 [62 Cal.Rptr. 808]; 1A Corbin, Contracts, 520.)

 In the present case, the agreement did not prescribe any particular manner in which the option was to be exercised. Consequently, any method of communicating an election was proper. (*Lawrence* v. *Settle, supra*, 182 Cal.App.2d 386, 388-389.) The trial court found that there had been a timely communication of acceptance. In a memorandum opinion which we may properly consider in construing the findings, the trial judge determined that notice of acceptance was given by delivery of a copy of the escrow instructions, communications between Mrs. Moore, on behalf of plaintiff, and Mr. Novak, and the institution of the law suit on October 29. There is substantial evidence that Mrs. Moore, as agent for plaintiff, made known to defendants the fact that plaintiff was accepting the option and tendering performance. (See *Murfee* v. *Porter, supra*, 96 Cal.App.2d 9, 18.) Mr. Novak testified that the escrow instructions and his conversations with Mrs. Moore apprised him of the fact that plaintiff was seeking to exercise the option.

Moreover, the record reveals that plaintiff, the escrow agent, and defendants were apparently acting under the misapprehension that the option could be exercised only by tender of performance prior to the expiration of the option period.[1] Although the usual contemplated method of accepting an option is by notice, a valid acceptance may be made by a tender of actual performance. (1A Corbin, Contracts, 518; see Civ. Code, § 1584; *Logoluso* v. *Logoluso*, 233 Cal.App.2d 523, 529 [43 Cal.Rptr. 678]; *Becker* v. *Kelsey*, 9 N.J. Misc. 1265 [157 A. 177, 188-189]; 1 Williston, Contracts, 260.

"The person to whom a tender is made must, at the time,

---

[1]Defendants continue to urge on this appeal that the option could only be exercised by tender of performance and that mere notice of election to exercise the option would not be sufficient.

specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; and if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms, or kind which he requires, or be precluded from objecting afterwards.'' (Code Civ. Proc., § 2076.) ''All objections to the mode of an offer of performance, which the creditor has an opportunity to state at the time to the person making the offer, and which could be then obviated by him, are waived by the creditor, if not then stated.'' (Civ. Code, § 1501.) ■ ''If the person offering to perform is acting in good faith, and makes the mistake of demanding something to which he is not entitled, he ought to be given the same opportunity to recede from such demand that he is allowed for tendering the correct amount where he has tendered too little, or the right thing where he has tendered the wrong thing. . . .'' (*Kofoed* v. *Gordon*, 122 Cal. 314, 321 [54 P. 1115] ; Code Civ. Proc., § 2076; *Hind* v. *Oriental Products Co.*, 195 Cal. 655, 665 [235 P. 438] ; see *Thomassen* v. *Carr*, 250 Cal.App.2d 341, 350 [58 Cal.Rptr. 297].) The foregoing principle has been held to be applicable to a good faith tender of performance in the exercise of an option. (*Hohener* v. *Gauss*, 221 Cal.App.2d 797, 800 [34 Cal.Rptr. 656] ; see *Layton* v. *West*, 271 Cal.App.2d 508, 511-512 [76 Cal.Rptr. 507] [hearing den.] ; *Alfinito* v. *Sater*, 246 Cal.App. 2d 362, 383-384 [54 Cal.Rptr. 636].) In *Layton* v. *West*, *supra*, the court stated at p. 511: ''Any tender of performance, including the exercise of an option, is ineffective if it imposes conditions upon its acceptance which the offeror is not entitled to demand. (Civ. Code, § 1494; *Schiffner* v. *Pappas* (1963) 223 Cal.App.2d 526. . . .) However, the imposition of such conditions is waived by the offeree if he does not specifically point out the alleged defects in the tender. (Civ. Code, § 1501; Code Civ. Proc., § 2076; *Hohener* v. *Gauss* (1963) 221 Cal.App.2d 797. . . .) The rationale of the requirement of specific objection is that the offeror should be permitted to remedy any defects in his tender; the offeree is therefore not allowed to remain silent at the time of the tender and later surprise the offeror with hidden objections. (*Thomassen* v. *Carr* (1967) 250 Cal.App.2d 341, 350. . . .) ''

■ In addition, an optionor who has given an irrevocable option to purchase property may not do any act or omit to perform any duty calculated to cause the optionee to delay exercising the option within the specified period. (See *Murfee*

v. *Porter, supra,* 96 Cal.App.2d 9, 18.) The optionor's good faith is a relevant consideration; his evasion or prevention of exercise of the option may excuse tender of performance and other conditions precedent to acceptance. (*Citron* v. *Franklin,* 23 Cal.2d 47, 57 [142 P.2d 16]; *Ray Thomas, Inc.* v. *Cowan,* 99 Cal.App. 140, 145 [277 P. 1086]; *Connolly* v. *Lake County Canning Co.,* 95 Cal.App. 768, 769 [273 P. 611]; 1 Williston, Contracts, 206; 17 Am.Jur.2d 398, 399; see Cases, Annotation, 157 A.L.R. 1311.

In the case under review, despite Mrs. Moore's repeated requests for a statement of his objections, and her offer to make corrections, defendant Novak refused to give any explanation for his refusal to sign the escrow instructions. It is abundantly clear that plaintiff was attempting in good faith to tender performance and that defendants' evasive conduct was calculated to prevent a timely exercise of the option. In these circumstances the court was justified in finding that defendants were precluded from asserting that there had not been a timely or proper exercise of the option.

Defendant's contention, without supporting authority, that the time within which the option could have been exercised expired prior to October 31, 1965, is devoid of merit. The lease provided, "Said option to purchase is to be exercised by Lessee within thirty (30) days of the termination of this Lease or any option of renewal of said lease." The phrase "or any option of renewal of said lease" indicates an intention to continue the option to purchase in any renewals of the lease with the right to exercise it within 30 days of the date of the expiration of the renewed term. The provision in the lease granting an option to renew "upon the same terms and conditions as herein set forth," necessarily included the option agreement. A reasonable construction of the words "within thirty days of the termination of this Lease" is that the phrase was intended to mean the 30-day period immediately preceding expiration of the term. It is reasonable to assume that the lessors desired to retain the right to collect the rents reserved for the entire term of the lease. The lease as renewed expired on October 31, 1965. The tender of performance and the communications between Mrs. Moore and Mr. Novak all occurred prior to that date.

The option having been exercised by a timely, good faith tender of performance and defendants, by their conduct, having waived any objections thereto, plaintiff was entitled to seek specific performance of the option agreement. (*Copple* v.

*Aigeltinger,* 167 Cal. 706, 710 [140 P. 1073]; *Jonas* v. *Leland,* 77 Cal.App.2d 770, 777 [176 P.2d 764].) ▮▮ Although, as the court found, the tender of performance varied in some respects from the option agreement, the principal variance being that the proposed escrow instructions contemplated a refinancing of the existing loan by recording a new trust deed for $15,000 rather than an assumption of the existing trust deed in favor of Hemet Federal Savings and Loan, thus impairing to some extent the value of the second trust deed, the defects were cured by the timely commencement of the action and the offer in the amended complaint to perform in accordance with the terms of the option agreement.[2] (*Kelley* v. *Russell,* 50 Cal.App.2d 520, 529 [123 P.2d 606].) ▮▮ Where a party commences an action to compel specific enforcement of an agreement to sell real property, any requirement of mutuality is satisfied on the theory that by bringing the action the plaintiff has submitted himself to the jurisdiction of equity and thereby enables the court to assure performance by him. (*Ellis* v. *Mihelis,* 60 Cal.2d 206, 216 [32 Cal.Rptr. 415, 384 P.2d 7]; *Copple* v. *Aigeltinger, supra,* 167 Cal. 706, 710; *Jonas* v. *Leland, supra,* 77 Cal.App.2d 770, 777; 1A Corbin, Contracts, 565.) In the instant case the trial court decreed specific performance in accordance with the terms of the option agreement.

Judgment affirmed.

Kerrigan, Acting P. J., and Gabbert, J. pro tem.,* concurred.

---

[2]In addition to the variance mentioned, defendants urge that the escrow instructions provided for payment on the second trust deed at the rate of $75 per month, principal and interest included, whereas the option agreement provided for payment at the rate of "$75 per month and interest," and that although the agreement provides for division of escrow costs, the instructions made no provision for division of costs.

*Assigned by the Chairman of the Judicial Council.