[Civ. No. 35404. Second Dist., Div. Five. Nov. 24, 1970.]

SI COLLINS et al., Plaintiffs and Appellants, v.
MARVEL LAND COMPANY et al., Defendants and Respondents.

38

**COUNSEL**

Thomas E. Garcin for Plaintiffs and Appellants.

William T. Selby and Harry T. Straitiff for Defendants and Respondents.

**OPINION**

**AISO, J.**—In this action for specific performance and damages, defendants' general demurrers to the second amended complaint were sustained with leave to amend as to all four counts. Upon plaintiffs' failure to amend, the action was ordered dismissed. (Code Civ. Proc., § 581, subd. 3.) Plaintiffs appeal from the judgment entered upon the order of dismissal.

The sole ground of defendants' demurrers and the basis upon which the court sustained them, is that the complaint fails to state facts sufficient to constitute a cause of action.

The facts alleged that are common to each cause of action (count) are as follows:

At all times mentioned in the second amended complaint, defendant Marvel Land Company, a limited partnership of which defendants C. R. Miller and Emma Miller were the general partners, was the owner of approximately 3,100 acres of unimproved land situated partly in Ventura County and partly in Los Angeles County, the legal description of which was detailed in Exhibit "A" attached to the pleading and which was incorporated by reference.

On October 18, 1966, defendants and plaintiffs entered into a written option agreement for the sale of land by defendants to plaintiffs. Five thousand dollars was paid to defendants as consideration for the option. On January 4, 1967, another $5,000 was paid to extend the terminal date of the option to June 15, 1967. The clause governing the exercise of this

option reads: "Said option may be exercised at any time subsequent to the date of this option and prior to [12 noon P.S.T., June 15, 1967] by delivering written notice of exercise of this option addressed to Marvel Ranch Company and delivered to its attorneys, MESSRS. FRAZIER, DAME, BORRELL & DOHERTY, Attorneys at Law, at their offices located at 200 South A Street, Oxnard, California, or by mailing same to said attorneys at Post Office Box 426, Oxnard, California, postage prepaid, by certified mail."

Also included in this option agreement is that "Title conveyed to BUYER shall also include all of SELLER's right, title and interest in and to the easement crossing the Doheny Ranch which Doheny Ranch adjoins the subject property on the westerly side and which easement permits a means of ingress and egress to the subject land across the said Doheny Ranch. A legal description of said easement shall be included in the escrow instructions prepared between the parties." Upon execution of the escrow instructions, plaintiffs were to immediately deposit $25,000 into escrow.

Plaintiffs further allege that they gave oral notice of their election to exercise the option to defendants' attorneys (named in the option agreement) on June 9, 1967. At this time the attorneys stated to plaintiffs that they would open the escrow contemplated by the option agreement. Subsequently on June 12, 1967, defendants opened an escrow and caused escrow instructions to be prepared for the conveyance of the subject property.[1]

These escrow instructions were rejected by plaintiffs as not containing all of the terms and conditions of the option agreement. In particular the instructions did not provide for the conveyance to plaintiffs of an easement connecting the property with a public street or highway as agreed to in the option agreement. The pleadings do not make it clear whether the instructions merely lacked the Doheny Ranch easement, or whether the Doheny Ranch easement referred to in the option does not provide ingress and egress as promised therein. ▮ However, for the purpose of ruling on this demurrer the allegation that the escrow instructions "did not contain all of the terms and conditions provided for in the option . . . and in fact were in part contradictory of the terms and conditions of said option" pleads a defect in the instructions whatever that defect may be.

On July 3, 1967, plaintiffs sent revised escrow instructions to defendants containing these terms, but defendants refused to execute them. In reply, on July 26, 1967, defendants declared that they considered the option of no further force and effect because of the failure of plaintiffs to

---

[1]This escrow company was not the prescribed company, but rather the company named to issue a policy of title insurance.

have given defendants written notice of plaintiffs' intention to exercise the said option.

Plaintiffs have further alleged that the consideration named in the option is the fair and reasonable value of the property and that they are ready, willing and able to perform their part of the option agreement.

Each count of the complaint contains additional allegations of fact which will be discussed seriatim.

## I. *First Cause of Action.*

This cause of action is for specific performance of the contract arising from the exercise of the option. Plaintiffs make two arguments to support their claim that there is a binding contract for the sale of land between plaintiffs and defendants. (1) The use of the word "may" in the clause concerning the exercise of the option "did not prescribe an *exclusive* method for giving notice." Therefore, the oral notice of exercise of the option was binding on the defendants. (See *Lawrence* v. *Settle* (1960) 182 Cal.App.2d 386, 388 [6 Cal.Rptr. 49].) ■ (2) Even if the oral exercise of the option was ineffective, defendants by their conduct waived this defect. We find merit in the latter argument.

### A. Was there a valid exercise of the option?

Plaintiffs concede in their pleadings that the option was exercised by orally notifying the persons designated to receive such notice. However, even if this notice did not comply with the option clause governing the mode of exercise, plaintiffs have adequately pleaded facts showing a waiver of the requirement that the exercise be made in writing.

In *Riverside Fence Co.* v. *Novak* (1969) 273 Cal.App.2d 656, 660 [78 Cal.Rptr. 536], it is stated: "The acceptance must be in accordance with the terms of the option agreement and must be free of conditions which the optionor is not bound to perform." Here plaintiffs have alleged that the option agreement was accepted without reservation although the mode of acceptance was not that stated in the option contract. Although defendants had the power to require a written exercise of the option, this requirement was for the benefit of defendants and may be waived by them. (See *Estate of Crossman* (1964) 231 Cal.App.2d 370, 372 [41 Cal.Rptr. 800].) ■ The acceptance of the exercise of the option without objection to the form of the exercise waives any objection to the form of the exercise. (*Lawrence* v. *Settle, supra,* 182 Cal.App.2d 386, 389; *Kelley* v. *Russell* (1942) 50 Cal.App.2d 520, 527 [123 P.2d 606]; Civ. Code, § 1501.)

B. Did the plaintiffs rightfully reject the escrow instructions?

Although it is true that as a general proposition a seller need not own property before he may contract to sell it in the future (see, e.g., *Hanson v. Fox* (1909) 155 Cal. 106 [88 P. 489]; *Hall* v. *Hickey* (1957) 156 Cal. App.2d 94, 99 [319 P.2d 33]), this is of no help to defendants in the present problem. ■ The rejection of the escrow instructions by plaintiffs was justified if they did not correspond to the terms specified in the option. (Cf. *Roffinella* v. *Roffinella* (1923) 191 Cal. 753, 760 [218 P. 397]; *Lewis v. James* (1955) 134 Cal.App.2d 15, 21 [285 P.2d 86]; *Bourdieu* v. *Baker* (1935) 6 Cal.App.2d 150, 161 [44 P.2d 587].) The escrow instructions are "merely customary and expected directions to carry into effect the executory agreement." (*King* v. *Stanley* (1948) 32 Cal.2d 584, 589 [197 P.2d 321]; *Crescenta Valley Moose Lodge* v. *Bunt* (1970) 8 Cal.App.3d 682, 685 [87 Cal.Rptr. 428]; *Keelan* v. *Belmont Co.* (1946) 73 Cal.App.2d 6, 12 [165 P.2d 930].) ■ Here plaintiffs have pleaded that they do not carry into effect the option agreement and therefore they did not sign them. If there was a valid exercise of the option, defendants cannot claim that the rejection of the nonconforming instructions negates that exercise. (Cf. *Riverside Fence Co.* v. *Novak, supra,* 273 Cal.App.2d 656, 663— optionor's evasion or prevention of exercise of the option may excuse tender of performance and other conditions precedent to acceptance.)

Since the escrow instructions were never executed there is no obligation upon the buyer to make the initial deposit into escrow under the terms of the option agreement. (See *Cates* v. *McNeil* (1915) 169 Cal. 697, 704 [147 P. 944].)

Therefore the rejection of the nonconforming escrow instructions did not affect the validity of the land sales contract which became *in esse* upon exercise of the option.

■ Plaintiffs have averred their willingness to purchase the property involved with or without the easement of ingress and egress. If a contract was entered into it may be specifically enforced with appropriate abatement in purchase price. (See *Miller* v. *Dyer* (1942) 20 Cal.2d 526, 529 [127 P.2d 901, 141 A.L.R. 1428].)

The demurrer to the first cause of action should have been overruled.

II. *Second Cause of Action.*

By this count, plaintiffs seek an alternative remedy of damages under the latter portion of Civil Code section 3306[2] in the event specific performance

---

[2]It provides: "The detriment caused by the breach of an agreement to convey an estate in real property, is deemed to be the price paid, and the expenses properly

should be denied. Plaintiffs, as noted earlier, alleged that defendants were owners of the real property involved at all times mentioned in the pleading. They further averred that defendants refused to perform, claiming that the option was not properly exercised, a contention which we have found to be without merit.

■ It is settled law that the term "bad faith" as used in section 3306 does not require a showing of fraud but only a deliberate refusal to perform without just cause or excuse. (See, e.g., *Nelson* v. *Fernando Nelson & Sons* (1936) 5 Cal.2d 511, 518 [55 P.2d 859]; *Brandolino* v. *Lindsay* (1969) 269 Cal.App.2d 319, 325 [75 Cal.Rptr. 56]; *Mercer* v. *Lemmens* (1964) 230 Cal.App.2d 167, 172-173 [40 Cal.Rptr. 803]; *Tancredi* v. *Garrett* (1962) 210 Cal.App.2d 818, 823 [27 Cal.Rptr. 52].) The court held in *Eastwood Homes, Inc.* v. *Hudson* (1958) 161 Cal.App.2d 532, 543 [327 P.2d 29], that refusal to perform urging legally invalid excuses constituted bad faith.

■ The concluding allegation of plaintiff's second cause of action, standing alone, would have been vulnerable to both general and special demurrers. It averred: "That in refusing to perform the said option as hereinbefore alleged, defendants have acted in bad faith, and the difference between the price to be paid by plaintiffs under the above option and the value to plaintiffs of the property agreed to be conveyed, at the time of the breach of defendants as hereinabove alleged, was the sum of $300,-000.00." The gravamen of this action is not the refusal to perform the option, but rather the contract of sale and purchase arising from the exercise of option. ■ Furthermore, the damages assessable under the second clause of Civil Code section 3306 are the difference between the contract price and the market price as of the date of breach, not "the value to plaintiffs." ■ The bare allegation of "bad faith" is a conclusion of law. (*Wheeler* v. *Oppenheimer* (1956) 140 Cal.App.2d 497, 501 [295 P.2d 128].) ■ Despite these defects the allegations of the second count taken as a whole do state a cause of action sufficient to withstand a general demurrer.

In *Johnson* v. *Schimpf* (1925) 197 Cal. 43 [239 P. 401], there was no allegation of any payment on the purchase price or of any special expenditures made by the plaintiff. Nor does it appear that there was any allegation as to damages (difference between contract and fair market price on date of breach). Nevertheless the court held that a cause of action good against

---

incurred in examining the title and preparing the necessary papers, with interest thereon; but adding thereto, in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land."

■

a general demurrer had been pleaded where the "wilful, unwarranted default of the defendant, without just cause" had been averred. The court stated at page 47: "This court . . . has uniformly held that bad faith in a defaulting vendor in a contract to convey real property need not be specially alleged in order to make out a cause of action under the last provision of section 3306 of the Civil Code." It further stated at page 48: "The complaint in the instant case having alleged facts which necessarily compel the deduction of bad faith on the part of the defendant, it must be held that a cause of action was stated within the provisions of section 3306 of the Civil Code." (Cf. *Mercer* v. *Lemmens, supra,* 230 Cal.App.2d 167, 173; *Cumberpatch* v. *Nolan* (1954) 125 Cal.App.2d 205, 207 [270 P.2d 540, 271 P.2d 519].) There were sufficient allegations of bad faith pleaded without resort to this paragraph in the instant case. Under *Johnson* v. *Schimpf, supra,* 197 Cal. 43, the allegations of the concluding paragraph may be deemed surplusage for the purposes of testing a general demurrer.

The demurrer to the second cause of action therefore should have been overruled.

### III. *Third Cause of Action.*

Plaintiffs here plead much the same facts as in the first two causes of action. In addition it is alleged that on June 10, 1967, and July 12, 1967, defendants and plaintiffs orally modified the terms of the option agreement to provide plaintiffs with the alternative of paying cash as specified in the option or paying $300,000 down and the balance of $1,500,000 (the price was raised for this alternative) in installments of $100,000 yearly with balance due in seven years. Prepaid interest was also provided for.

By construing the various allegations together, plaintiffs here are pleading that there was an oral modification of the contract entered into on June 9, 1967. On the face of the pleadings this oral modification of the contract violates the statute of frauds (Civ. Code, § 1624) and Civil Code section 1698 which states: "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

Plaintiffs must therefore allege facts establishing an equitable estoppel against the party denying the oral modification. (See *Wilson* v. *Bailey* (1937) 8 Cal.2d 416, 421-422 [65 P.2d 770]; *Driscoll* v. *City of Los Angeles* (1967) 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245], for elements which must be pleaded to establish an equitable estoppel.)

The demurrer to the third cause of action was properly sustained with leave to amend.

## IV. *Fourth Cause of Action.*

 Plaintiffs have alleged that defendants represented that they were owners of the parcel of real property involved and that it had access to a public highway. These representations were made for the purpose of inducing plaintiffs to pay $5,000 for an option and an additional $5,000 for an extension of the option term on the property and easement. In addition plaintiffs also allege that they have spent an additional $10,000 "in contemplation of their exercise of the option" all in reliance upon defendants' representations. These representations are alleged to have been false and it is alleged that they were known to be false by the defendants in that "said property did not in fact have access to a public street or highway known as Tapo Canyon Road or any other road by means of an easement or otherwise."

In *Gonsalves* v. *Hodgson* (1951) 38 Cal.2d 91, 100 [237 P.2d 656], the elements of actionable fraud are stated: "In an action for damages for deceit, the fraudulent representation relied upon must be as to a material fact which is false and known to be false by the maker, or is recklessly made or made without reasonable grounds for believing its truth. It must be made with intent to induce action by the other party and it must have been relied upon by the other party with justification. It must result in damage or injury to the party so relying." (See also *Gagne* v. *Bertran* (1954) 43 Cal.2d 481 [275 P.2d 15]; Civ. Code, §§ 1709, 1710.)

The allegations in plaintiffs' fourth cause of action adequately plead actionable fraud on defendants' part under these cases.

The demurrer to the fourth cause of action should have been overruled.

## V. *Disposition.*

Since, in our opinion, the demurrers to the first, second, and fourth causes of action were erroneously sustained, the judgment should be reversed with directions to overrule those demurrers. The reversal reinstates the status quo which existed prior to the judgment thus nullified (*Steen* v. *City of Los Angeles* (1948) 31 Cal.2d 542, 547 [190 P.2d 937]), including leave to plaintiffs to amend which was not terminally cut off until entry of the judgment of dismissal. Thus, subject to the trial court fixing the period

of time, plaintiffs in the milieu of this case should be given the opportunity to amend their third alleged cause of action, the demurrer to which we find to have been properly interposed.

 We are aware of the rule that if plaintiff fails to take advantage of the leave to amend granted by the trial court and the demurrer is found to have been properly sustained, the appellate court will not reverse a judgment of dismissal even if plaintiff could possibly amend his complaint. (See, e.g., *Irwin* v. *City of Manhattan Beach* (1966) 65 Cal.2d 13, 24-25 [51 Cal.Rptr. 881, 415 P.2d 769]; *O'Hara* v. *L.A. County Flood etc. Dist.* (1941) 19 Cal.2d 61, 64 [119 P.2d 23]; *People* v. *Jackson* (1864) 24 Cal. 630, 633; 2 Chadbourn, et al., Cal. Pleading (1961) § 1359, pp. 510-511.) However, we have not found the rule applied in a situation such as here presented where it could be applied only to one count or cause of action of a multi-count complaint, and where the ruling sustaining the demurrers is reversed on three other counts. In a sense our disposition is a grant of a new trial (*Carney* v. *Simmonds* (1957) 49 Cal.2d 84 [315 P.2d 305]) and there is no question but that parties may be permitted to amend their pleadings upon a new trial. A judgment on this single count or cause of action found to be defective could not be entered until final disposition of the other causes of action, because this case involves one overall dispute between two identical sets of parties in each count or cause. (See, e.g., *Nicholson* v. *Henderson* (1944) 25 Cal.2d 375, 378 [153 P.2d 945]; *Pastor* v. *Younis* (1965) 238 Cal.App.2d 259, 264 [47 Cal.Rptr. 684]; *Crocker-Anglo Nat. Bank* v. *Kuchman* (1961) 194 Cal.App.2d 589, 591-592 [15 Cal.Rptr. 230].) Until entry of judgment a ruling upon a demurrer is not res judicata and may be changed in the discretion of the trial court. (See, e.g., *De La Beckwith* v. *Superior Court* (1905) 146 Cal. 496, 499-500 [80 P. 717]; *Grimes* v. *Carter* (1966) 241 Cal.App.2d 694, 698 [50 Cal.Rptr. 808, 19 A.L.R.3d 1310]; 2 Witkin, Cal. Procedure (1954) Pleading, § 502 subd. (c), p. 1493; 2 Chadbourn, et al., Cal. Pleading (1961) § 1384, pp. 519-521.)

Furthermore, plaintiffs' counsel at time of oral argument informed us that the ground upon which this court sustains the demurrer to the third cause of action was not considered by court or counsel in the trial court and that he can plead facts to raise an estoppel against the statute of frauds vulnerability. We, of course, are not precluded from sustaining the demurrer on a ground not considered by the court below as long as it comes within the four corners of the demurrer, namely, a failure to state a cause of action. (See, e.g., *Stratford Irr. Dist.* v. *Empire Water Co.* (1941) 44 Cal.App.2d 61, 65 [111 P.2d 957].) However, it is a factor to be considered in the exercise of a discretion whether to permit a further opportunity to amend.

The judgment (order) of dismissal is reversed with directions to the trial court to take proceedings consonant with the views set forth in the foregoing opinion.

Kaus, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied December 11, 1970.